# COOK SEED COMPANY v. KEITH WELKER.

181 N. W. (2d) 870.

November 20, 1970—No. 42236.

*R. A. Bodger,* for appellant.

*Hulstrand, Langsjoen & Anderson* and *Ronald C. Anderson,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

Appeal from an order of the district court denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial. This is an action in the nature of breach of warranty in which plaintiff, Cook Seed Company, contends that defendant, Keith Welker, a grass seed harvester, sold and delivered to plaintiff an inferior grade of bluegrass seed. The jury found in favor of plaintiff for $9,250. The grounds upon which reversal or a new trial is sought grow out of claimed error by the trial court in receiving documentary evidence which was not disclosed at the pretrial hearing, and bring before us the con-

sideration of Rule 16, Rules of Civil Procedure, which is designed to simplify and streamline issues for trial.[1]

Defendant calls attention to the fact that the court's pretrial order limited the documentary evidence to "scale tickets and records of telephone calls made or received on certain dates" and certain books containing "duplicate sales tickets." It is contended that, contrary to the order, the trial court permitted the introduction of a record book which was not disclosed or referred to at the pretrial hearing. It is not contended that information as to the existence of this document was intentionally withheld or that plaintiff had knowledge of its existence at the time of the hearing.

It appears that the record book was prepared by the witness Robert Hutchins, who was an employee of the St. Paul Terminal Warehouse. He was a bonded agent of the warehouse and supervised the processing of seed at the Cook plant. The record purported to record the yield of clean seed obtained after processing

---

[1] Rule 16, Rules of Civil Procedure, provides: "In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

"(1)  The simplification of the issues;

"(2)  The necessity or desirability of amendments to the pleadings;

"(3)  The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

"(4)  The limitation of the number of expert witnesses;

"(5)  The advisability of a preliminary reference of issues to a referee;

"(6)  Such other matters as may aid in the disposition of the action.

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to nonjury actions or extend it to all actions."

defendant's "rough" seed. Warehouse receipts for the seed stored at the Cook warehouse were prepared and issued on the basis of Hutchins' records. In addition to the testimony of Hutchins, there was evidence from other witnesses who testified with reference to the amount and quality of the seed purchased.

In considering the asserted error, we do not find that the defendant has established that he was prejudiced in any way by the reception in evidence of the record in question. We do not find that defendant asked for an adjournment or other relief which might have permitted him to accommodate his defense to the thrust of this evidence. In a memorandum accompanying its order denying judgment notwithstanding or a new trial, the court was of the view that the record book was cumulative evidence and not prejudicial. The court said: "If it was error it was not prejudicial because the jury apparently paid no attention to it."

The application and effect of a pretrial order pursuant to Rule 16 is discussed in 1 Youngquist & Blacik, Minnesota Rules Practice, 1968 Pocket Part, p. 121; Muckler v. Buchl, 276 Minn. 490, 150 N. W. (2d) 689; and Sanchez v. Waldrup, 271 Minn. 419, 136 N. W. (2d) 61. On the nearly identical Rule 16, Federal Rules of Civil Procedure, see 1A Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 473, p. 851; 5 Moore, Federal Practice (2 ed.) par. 16.20; Simpson Timber Co. v. Palmberg Const. Co. (9 Cir.) 377 F. (2d) 380; Millers Nat. Ins. Co. v. Wichita Flour Mills Co. (10 Cir.) 257 F. (2d) 93. These authorities all recognize that, since the pretrial conference is held shortly before trial and at a time when each side should usually know what it intends to prove, courts are less liberal in amending orders and extending the latitude of evidence. Trial courts, in their discretion, may modify a pretrial conference order since the rule itself provides that such modification may be made to "prevent manifest injustice," and since the vindication of procedural law should yield to the obligation of the court to see that justice is done. Even though a pretrial order may have been entered, the trial

court remains free to alter, modify, or even reverse, such order in the interests of justice. We have been provided with no authorities which would persuade us to hold otherwise on the record before us.

Defendant also asserts that the rule was violated by the allowance of the testimony of one Ray Stonedahl, who was not identified as a witness at the pretrial conference. It appears that prior to trial counsel for defendant sent a letter to counsel for plaintiff requesting the names of witnesses. In response, plaintiff's attorney advised the names of two witnesses he expected to call and then indicated that other witnesses who were currently out of state and whose names were unknown were expected to testify as to the condition of the seed. It appears that the witness' name was not available to plaintiff's counsel until the night before the trial. On this point, it is not alleged that there was any willful deception on the part of plaintiff. We find no abuse of the trial court's discretion which would warrant the relief sought.

Affirmed.