**Joan L. COTRONEO, Appellant,**

v.

**Dr. Frank J. PILNEY, Respondent.**

No. C8–83–388.

Supreme Court of Minnesota.

Feb. 3, 1984.

Larkin, Hoffman, Daly & Lindgren, Ltd., James P. Miley and Thomas J. Flynn, Minneapolis, for appellant.

Geraghty, O'Loughlin & Kennedy, P.A., Terence O'Loughlin, St. Paul, for respondent.

TODD, Justice.

Joan Cotroneo commenced a medical malpractice action against Dr. Frank J. Pilney[1] alleging negligence and lack of informed consent. Prior to trial, Cotroneo appealed.

1. Cotroneo also sued Dr. Richard J. Sells. The dismissal of the claim against him has not been

limited her cause of action to lack of informed consent. Her physician withdrew as a witness shortly before trial was to commence. Cotroneo then obtained medical testimony on the issue of negligence. The trial court dismissed the action upon the conclusion that, based on previous trial court orders, it had no choice in the matter. Because of the unusual facts of the case and the provisions of Minn.R.Civ.P. 16, we reverse and remand for trial.

The facts giving rise to the malpractice claim need not be recited as they are not necessary for our consideration and disposition of this matter. The procedural history of the case indicates that the action was commenced in January of 1981. Dr. Pilney served interrogatories which were answered in September of 1981. These answers disclosed that Cotroneo's medical expert was her treating physician, Dr. Jonathan van Heerden of the Rochester Mayo Clinic.

The case was first scheduled for trial on February 2, 1982 and was continued several times. By stipulation of the parties it was rescheduled for May 24, 1982 and again to November 17, 1982 and then to November 29, 1982. Another continuance, sought by Cotroneo and this time opposed by Dr. Pilney, resulted in the trial being set for January 17, 1983.

A videotape deposition of Dr. van Heerden was taken on March 29, 1982 in Rochester. During the deposition appellant's counsel asked Dr. van Heerden questions pertaining to the issue of Dr. Pilney's negligence. Dr. Pilney's attorney objected because informed consent was the only issue identified by appellant in her answers to interrogatories. Cotroneo's attorney decided to continue the deposition at another time and Dr. Pilney's attorney agreed on condition that he be given more complete information about the doctor's opinions.

In June 1982 Dr. Pilney's attorney sent a letter to his opponent suggesting a deadline for Cotroneo's attorney to disclose the names of her experts and their opinions. He then filed a motion in September 1982 to compel discovery of Cotroneo's expert testimony. Cotroneo did not object to this motion and entered into a stipulation which resulted in a pretrial order signed by Judge David Marsden on September 7, 1982. The order precluded Cotroneo from proceeding to trial on a negligence theory and limited her to a theory of informed consent.

Dr. Pilney's counsel scheduled a second deposition of Dr. van Heerden to be taken three days before the January 17, 1983 trial date. In a meeting before this deposition, Dr. van Heerden refused to testify at all.

On the trial date, Cotroneo's attorney obtained a one-week continuance of the trial to allow him to find another expert. Judge Gordon Shumaker issued the continuance order, based on his finding that "plaintiff's predicament was unforeseen and unforeseeable * * *." The order provided that defendants could make motions for dismissal or summary judgment and that "there shall be no further continuances of this action for any reason." Dr. Pilney asserts, and on appeal Cotroneo does not deny, that Judge Shumaker made it clear he was not altering the prior order of Judge Marsden in granting the continuance.

Cotroneo's attorney engaged Dr. Virgil Lundquist to testify and his deposition was taken on January 25, 1983. (No judge was available for trial on January 24 or 25.) Dr. Lundquist expressed the opinion that Dr. Pilney was negligent in failing to properly follow up on Ms. Cotroneo's treatment. He offered no opinions about the informed consent claim.

On January 26, 1982, Dr. Pilney moved for summary judgment, pursuant to Judge Shumaker's order. An affidavit of Dr. Pilney stating that he rendered proper treatment was submitted. Judge Schultz granted summary judgment on the grounds that appellant's answers to interrogatories and Judge Marsden's order limited Ms. Cotroneo to the theory of lack of informed consent.

Judge Schultz stated: "* * * But all I can tell you is that every instinct, every part of my process tells me that I have no

choice in this matter. That's how strongly I think the record and the facts speak on this particular issue. I don't see any reason or basis for being able to do anything else unless it's done with the agreement of counsel." ·

Judgment of dismissal was entered and Cotroneo appeals.

The issue presented is whether under the peculiar facts of this case, the prior orders of the trial court limiting the issue to informed consent should have been modified prior to trial to prevent manifest injustice.

 Cotroneo argues the trial court should have modified the September 1982 order limiting the issue to informed consent pursuant to Minn.R.Civ.P. 16, which provides in relevant part:

> The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, *unless modified at the trial to prevent manifest injustice.*

(Emphasis added.) In this case the following considerations are present:

(1) the degree of prejudice to the parties;

(2) the effect of the stipulation entered into by counsel;

(3) the need to prevent delay of the trial;

(4) the reasons for appellant's delay in obtaining an expert despite knowledge earlier of the need for an expert;

(5) the trial court's power to manage and control its docket.

Each of the actors in this case places greatest weight on a different factor. For the trial judge, the effect of his decision on the orderly administration of justice was predominant. This is reflected in the transcript of the January 26, 1983 hearing:

> THE COURT: There has got to be orderly administration of justice. Things have got to finally be brought to a head. Things have got to finally happen.

The judge also placed some weight on appellant's failure to take Dr. van Heerden's deposition earlier. He did not find that respondent would be prejudiced by the trial delay.

Dr. Pilney relies heavily on the stipulation entered into by counsel. He sets forth in detail his efforts to get Cotroneo to commit herself to one or more theories of the case and to reveal the expert testimony on which she would rely at trial. Dr. Pilney argues that Cotroneo's failure to obtain an expert witness at an early date justifies the grant of summary judgment. No specific prejudicial effects of a trial delay are alleged.

Cotroneo places greatest weight on the absence of prejudice caused to Dr. Pilney. She also contends that Dr. van Heerden's retracted testimony was unexpected and unforeseeable, but does not give reasons why his deposition was not obtained earlier.

The task called for on this appeal is to determine which of these considerations should prevail, or whether a balancing of the factors mandates a continuance of the trial to allow Ms. Cotroneo to use a negligence theory.

 The trial court's refusal here to allow Cotroneo to present expert testimony on negligence involves an exercise of discretion. Its ruling will not be reversed unless it is based on an erroneous view of the law or it constitutes an abuse of discretion. *Cook Seed Co. v. Welker,* 288 Minn. 412, 415, 181 N.W.2d 870, 872–73 (1970). The record must be viewed most favorably to sustain an order involving the exercise of discretionary authority by the trial court. *Kielsa v. St. John's Lutheran Hospital Assn.,* 287 Minn. 187, 192–93, 177 N.W.2d 420, 423 (1970).

Respondent urges this court to distinguish this type of case from those involving the imposition of sanctions for a party's failure to disclose testimony during discovery. In the latter line of cases, exclu-

sion of trial testimony is justified only when prejudice to the other party would result. *Cornfeldt v. Tongen,* 262 N.W.2d 684, 697 (Minn.1977); *Gebhard v. Niedzwiecki,* 265 Minn. 471, 478, 122 N.W.2d 110, 115 (1963). Respondent argues that Cotroneo's decision not to pursue a negligence claim was deliberate and tactical and therefore the *Cornfeldt* rule requiring prejudice does not apply.

This is not a case in which testimony is excluded as a sanction for violation of a discovery order, although it has the same effect. Cotroneo had not violated any rule; rather, she was being held strictly to the terms of a pretrial order to which she agreed.

■■■■ We agree that the two types of cases present different policy considerations and should not be treated identically. A pretrial order based on a stipulation of the parties reflects a conscious decision to proceed with particular theories at trial. Nevertheless, there are situations in which a turn of events requires modification of the pretrial order to prevent manifest injustice. Here, Cotroneo asks to be relieved of the pretrial order because of unforeseen circumstances. In relatively rare instances, Rule 16 allows trial courts to modify the order. In doing so, the degree of prejudice to the opponent should be considered, though it is only one of the factors to be weighed. *See Cook Seed Co. v. Welker,* 288 Minn. 412, 181 N.W.2d 870 (1970). In recognition of the competing interests involved, a balancing approach provides the clearest mode of analysis. Several federal circuit courts consider such factors as:

(1) the degree of prejudice to the party seeking the modification;

(2) the degree of prejudice to the party opposing the modification;

(3) the impact of a modification at that stage of the litigation;

(4) the degree of willfulness, bad faith or inexcusable neglect on the part of the party seeking modification.

*See United States v. First National Bank of Circle,* 652 F.2d 882, 887 & n. 8 (9th Cir.1981) and cases cited therein. We join these courts in using the above test to determine whether a pretrial order should be modified.

Applying this test, it is obvious that the prejudice to Cotroneo is great. She has no opportunity to have her case heard. The prejudice to Dr. Pilney is slight. He, in fact, makes no argument that delay of trial will cause any significant hardship. His attorney has already taken the deposition of Dr. Lundquist, the expert Cotroneo found to testify on negligence, and will be allowed whatever additional time is necessary to prepare.

In regard to the third factor, a review of the decisions reveals that courts are more likely to exclude testimony when it is offered in mid-trial with the intent to obstruct the opponent's case. In *Sandhofer v. Abbott-Northwestern Hospital,* 283 N.W.2d 362 (Minn.1979), for example, defendants delayed selection of an expert witness until the commencement of trial and announced their intent to call him on the first day of trial. The court found plaintiff had not been offered a reasonable opportunity to depose the expert during the trial. The defendants were attempting to present the expert testimony without giving plaintiff any advance notice or offering to continue the trial. *Id.* at 369.

In *Warrick v. Giron,* 290 N.W.2d 166 (Minn.1980), this court upheld a decision refusing to allow a party to litigate the informed consent issue. The plaintiffs' complaint had alleged only negligence. On the third day of trial, counsel raised the consent issue. The court found that no abuse of discretion was shown in excluding the evidence because, among other reasons, there had been a three-year delay of trial and plaintiff had stipulated at trial that the issue of lack of informed consent would not be raised. 290 N.W.2d at 169.

In the instant case, trial was delayed one week to allow appellant to find a new expert. Trial had not begun when Cotroneo informed opposing counsel that Dr. Lundquist was scheduled to testify. Cotroneo was not attempting to gain tactical advan-

tage by introducing undisclosed expert testimony. She offered to continue the trial as long as necessary to allow Dr. Pilney's attorney sufficient time to prepare his negligence defense.

Under the special circumstances of this case, the trial court should have granted a continuance to allow both parties additional time to prepare. This court has said that a party must be afforded a reasonable opportunity to prepare a case. Continuances should be liberally granted, especially for a claim of insufficient time for discovery. *Rice v. Perl*, 320 N.W.2d 407, 412 (Minn.1982).

In regard to the fourth factor, there is definitely some neglect on the part of Cotroneo's attorney. Courts are less sympathetic to the modification of a pretrial order when the dilemma is attributable to the failure of a party to properly prepare for trial. *See Tabatchnick v. G.D. Searle & Co.*, 67 F.R.D. 49, 57 (D.N.J.1975). The need for modification here, however, did not become apparent until the eve of trial when Dr. van Heerden refused to testify. As noted by Judge Schumaker in granting the one-week continuance, this circumstance was "unforeseen and unforeseeable."

In balancing these factors we conclude that the trial court should have allowed Dr. Lundquist to testify on negligence with a continuance if Dr. Pilney's attorney needed more time to prepare. The record discloses the trial court felt bound by the previous orders and did not weigh the factors we have outlined in this opinion to determine whether manifest injustice would result. Had there been a showing of willful misconduct or an attempt to gain tactical advantage, as in *Sandhofer*, a mid-trial offer of undisclosed testimony, as in *Warrick v. Giron*; or significant prejudice to respondent, a drastic order would be better justified. Here, Cotroneo's actions were not eggregious enough to warrant the grant of summary judgment. Manifest injustice to Cotroneo results. This is one of those exceptional cases which permits a modification of the previous pre-trial order.

Reversed and remanded for trial.