**LOL FINANCE COMPANY, Respondent,**

v.

**ROMAIN CORPORATION, et al., Appellants.**

No. C4-84-396.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Michael Streater, St. Paul, for respondent.

Timothy Fuller, Minneapolis, for appellants.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellants Romain Corporation, Joseph E. Romain and Charles E. Hunter allege the trial court erred by denying its motion for amendment of their joint answer. We affirm.

## FACTS

In 1980, appellant, Romain Corporation, purchased a turkey growing operation and on or about January 9, 1981, entered into a financing and security agreement with Land O'Lakes wherein Land O'Lakes agreed to advance certain funds to Romain for use in its turkey operations and Romain agreed to buy various supplies and process their turkeys with Land O'Lakes. Romain agreed to repay all advances with interest on specified dates. Joseph Romain and Charles Hunter also executed personal guarantee agreements with Land O'Lakes in which they guaranteed the payment of all indebtedness of Romain to Land O'Lakes. Land O'Lakes subsequently assigned the agreements to respondent, LOL Finance Company.

In the summer of 1982 an action was commenced in Ramsey County District Court in which LOL sought to recover from the appellants approximately $360,000 due under the financing, security and guarantee agreements. At the same time, an action was commenced in United States Federal Court against Land O'Lakes by Hunro Properties, a Minnesota general partnership operated by Joseph Romain

and Charles Hunter. Romain Corporation had assigned all its rights, title and interest in its turkey operations to Hunro Properties. This action was based on alleged violations of Federal Antitrust Laws.

In the early stages of the Ramsey County District Court lawsuit, LOL amended its pleadings merely changing the name of respondent from "Land O'Lakes Financing Co." to "LOL Finance Co." In July of 1982 the appellants filed an amended joint answer asserting a counterclaim contending that Land O'Lakes' conduct in requiring Romain to purchase their birds and feed from Land O'Lakes and process their birds through them constituted an illegal tying arrangement and unreasonable restraint of trade, resulting in violations of the Minnesota Antitrust Law of 1971, Minn.Stat. § 325D.49–66. The appellants' amended joint answer also contained affirmative defenses of failure to state a claim, waiver and estoppel, set-off, accord and satisfaction and lack of consideration. They also alleged that Land O'Lakes' claims against Romain corporation were stayed as a result of bankruptcy proceedings instituted by Select Farms Inc. (formerly Romain Corporation).

On June 23, 1983, the trial court entered an order for partial summary judgment, ordering judgment in favor of LOL and against Joseph Romain and Charles Hunter in the sum of $352,494.37. However, the judgment was not to be entered pending further order of the court.

On February 7, 1984, eight days before the scheduled commencement of trial, a hearing was held on appellants' motion requesting leave to file a second amended joint answer. The proposed amended answer contained five additional defenses which were not asserted in appellants' prior amended answer. The new defenses included fraud, mutual mistake of fact, breach of contract, duress and coercion, and an assertion that the guarantee agreements executed by Joseph Romain and Charles Hunter were void and unenforceable.

By order dated February 8, 1984, the trial court denied appellants' motion. Ap-

pellants contend the trial court erred because 1) LOL failed to show it would be prejudiced by appellants' proposed amendment; 2) a party does not waive its right to assert affirmative defenses in failing to assert the defenses in its pleadings; and 3) the trial court improperly relied upon the four-factor test set forth in *Cotroneo v. Pilney*, 343 N.W.2d 645 (Minn.1984).

## ISSUES

1. Did the trial court abuse its discretion in denying appellants' motion to amend their answer?

2. Is a misstatement of the law in a trial court memorandum which is not essential to the trial court's decision reversible error?

3. Did the trial court improperly rely upon the four-factor test set forth in *Cotroneo v. Pilney*, 343 N.W.2d 645 (Minn. 1984) when it denied appellants' motion for amendment of its answer?

## ANALYSIS

### I

Rule 15.01, Minnesota Rules of Civil Procedure provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Minn.R.Civ.P. 15.01 (emphasis added). In *Warrick v. Giron*, 290 N.W.2d 166 (Minn. 1980), the Minnesota Supreme Court said:

The decision whether to permit a party to amend pleadings rests within the discretion of the trial court and will not be reversed in the absence of clear abuse of such discretion.

*Id.* at 169 (citations omitted).

■ When evaluating whether a motion for amendment of the pleadings should be granted, a trial court is to look at "the prejudice which may result to the opposing party." *McDonald v. Stonebraker*, 255 N.W.2d 827, 830 (Minn.1977). "The burden of proving prejudice is on the objecting party." *Id.*

Since commencement of the action in May of 1982, LOL has acted with diligence in preparing for a trial based on defenses interposed in an answer served 19 months previously by the appellants. Appellants, on the other hand, have not conducted any discovery from May, 1982 until February 6, 1984, nine days before trial was scheduled to commence.

LOL first became aware on January 16, 1984, of appellants intention to drop their antitrust claim and to assert five additional and distinct defenses. To allow LOL adequate time in which to prepare for these five new affirmative defenses would have required a rescheduling of the trial. The Minnesota Supreme Court has upheld trial courts' refusals to permit amendment of pleadings when there has been a substantial lapse of time since the service of the original pleadings. In *Sheehan v. St. Peter's Catholic School*, 291 Minn. 1, 188 N.W.2d 868 (1971), the court stated:

> In view of the lapse of over 2 years from the time the answer was served, clearly it was within the discretion of the trial court to refuse permission to introduce an entirely new issue at the moment of trial. No reason was advanced for defendant's delay. Plaintiff had a right to proceed when the case was called. Some prejudice may always be assumed where plaintiff's preparation for trial is not designed to meet the issue of contributory negligence.

*Id.* at 6, 188 N.W.2d at 871. *See also Peterson v. Sorlien*, 299 N.W.2d 123 (Minn.

1980); *Dale v. Pushor*, 246 Minn. 254, 75 N.W.2d 595 (1956).

■ It is not clear abuse of discretion to deny amendment of an answer raising five additional defenses eight days before a scheduled trial, especially after lengthy discovery and preparation was based upon the other defenses originally asserted.

## II

■ Appellants further contend the trial court misstated the law in its memorandum when it stated that appellants waived their right to assert the five additional affirmative defenses by failing to assert them in their earlier answer. Technically, the court erred, for it is only "[a] failure to plead an affirmative defense, *without later amendment of the pleading,*" that waives the defense. *Rehberger v. Project Plumbing Co.*, 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973) (emphasis added). But the error is harmless for the trial court's primary reason for denial of the motion to amend was the prejudice that would result to LOL.

## III

■ Appellants also allege the trial court improperly relied upon the four-factor test set forth in *Cotroneo v. Pilney*, 343 N.W.2d 645 (Minn.1984), in denying appellants' motion for amendment. The trial court's order and memorandum make it clear that the denial was based on the prejudice that would be worked upon LOL. The trial court merely alluded to *Cotroneo* in discussing the dilatory conduct of appellants.

## DECISION

The trial court did not clearly abuse its discretion in denying appellants' motion for amendment of its joint answer made eight days before trial after nineteen months of inactivity where the proposed amendments presented multiple new and distinct defenses.

**Affirmed.**