**Edward Joe PONCIN, Appellant,**

v.

**Bruce ARLT, et al., Thor Tolo, et al., Respondents.**

**No. CX–88–55.**

Court of Appeals of Minnesota.

Sept. 6, 1988.

William D. Sommerness, Duluth, for Poncin.

Peter C. Sandberg, Laurie J. Miller, Rochester, for Bruce Arlt and Independent School Dist. No. 508.

Mark R. Anfinson, Minneapolis, Richard A. Beens, Steffen and Munstenteiger, Anoka, for Thor Tolo and St. Peter Herald.

Heard considered and decided by
NIERENGARTEN, P.J., and
SCHUMACHER and SHORT, JJ.

## OPINION

NIERENGARTEN, Presiding Judge.

Edward Poncin sued Bruce Arlt, Independent School District No. 508, Thor Tolo and the St. Peter Herald for libel when Arlt allegedly told Tolo that Poncin had cheated in a high school tennis match. A jury determined Arlt's statement to Tolo was true and the alleged libelous statement was made without actual malice. We affirm.

## FACTS

In a standard dual tennis meet under the Minnesota high school rules, each coach is required to rank and play the team's best player in the number one position and the team's second best player in the number two position, etc. The players are paired according to their respective ranks. For a coach to play a team member in a position other than their ranked position constitutes cheating. On September 17, 1985 a tennis match was held between the girls' varsity teams of the New Ulm and St. Peter high schools. Appellant Edward Joe Poncin was the coach of the New Ulm tennis team and respondent Bruce Arlt was employed by respondent Independent School District No. 508 as the coach of the St. Peter tennis team. Poncin put Leah Dietrich in the number one single's position and Kristin Bower in the number two single's position. At the Mankato Invitational several days before this match, Bower played in the number one single's position and Dietrich played in the number two single's position. As Arlt had been at the Mankato Invitational with the St. Peter team, he questioned Poncin's ranking of the two New Ulm players. Poncin responded that he had been rotating these girls all year be-

cause he thought they were of equal ability. Poncin did not mention that in New Ulm's two previous meets Bower had been ranked number one while Dietrich was ranked number two. He also did not indicate that any challenge match had been held between the two players which reversed their ranks.

Arlt watched the teams as they warmed up. Based on this and on his observation of Dietrich's losing performance in the number two single's position in Mankato, Arlt felt Bower was clearly the better player and should have been ranked number one as she had in New Ulm's two prior meets.

New Ulm won the match by a score of three to two. Immediately after the match, Arlt asked Poncin to forfeit the second single's match or he would report Poncin to the high school league for cheating. Arlt contended that Poncin had his number one ranked player matched against St. Peter's number two ranked player.

The next day Arlt met with respondent Thor Tolo, a reporter for respondent St. Peter Herald, and gave Tolo his account of what had happened at the preceding day's match. Tolo then contacted Poncin for his version of the story. On September 23, 1985 an article covering the contested match and including the comments of both parties was published in the Herald in its "Tolo Talk" column. On November 4, 1985 the Herald printed a retraction, in response to a demand from Poncin.

Poncin then sued Arlt, Tolo and their respective employers, Independent School District No. 508 and the Herald for libel. In pretrial orders, the trial court determined Poncin was a limited purpose public figure and would have to prove actual malice; and Tolo, if he were to testify at trial, would be available for deposition no later than the night before the commencement of the trial proceedings. The trial court also denied a summary judgment motion for Tolo and the Herald.

By special verdict, the jury determined that Arlt's statement to Tolo that Poncin had cheated was not false. The jury fur-

ther determined that Arlt did not make his statement with actual malice, nor did Tolo write nor the Herald publish the statement with actual malice.

## ISSUES

1. Did the trial court err in determining that Poncin was a limited purpose public figure for the purpose of this libel action?

2. Did the trial court err in refusing to admit evidence of Poncin's activities subsequent to the September 17, 1985 meet which related to the ranking of his two tennis players?

3. Did the trial court err when it instructed the jury that the claim of libel was limited to cheating?

4. Did the trial court err in allowing Tolo to testify at trial?

## ANALYSIS

We find the issue of Poncin's status as a person libeled is moot. The jury found that Arlt's statement to Tolo regarding Poncin's cheating was true. In any defamation action, "true statements, however disparaging, are not actionable." *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn.1980). This standard applies regardless of the plaintiff's status.

Poncin argues the trial court erred by refusing to allow him to introduce any evidence of the ranking of his team members subsequent to September 17, 1985 to rebut alleged references in the Herald article to future events. We do not agree. The subsequent actions of Poncin do not change the tenor of the statements of Arlt and Tolo at the time they were made, and Arlt's comments about future events which were printed by the Herald are merely Arlt's opinions. A statement of opinion is neither actionable nor defamatory. *Jadwin v. Minneapolis Star & Tribune Co.*, 390 N.W.2d 437, 442 (Minn.Ct.App.1986).

Poncin argues the trial court erred by limiting his claim of libel to cheating. Poncin contends the article contains other statements which were libelous per se and which should have been submitted to the jury.

The trial court viewed all the comments in the article in the context of the entire charge of cheating. *See Jadwin*, 390 N.W.2d at 443 (citing *Tawney v. Simonson, Whitcomb & Hurley Co.*, 109 Minn. 341, 352, 124 N.W. 229, 233 (1909)). We agree with the trial court's conclusion that the other allegedly libelous statements of which Poncin complains are derivative of the basic charge of cheating.

Poncin argues the trial court erred by allowing Tolo to testify without having complied with a condition of the pretrial order that Tolo be available for deposition the night before trial. Because a pretrial order entered after a pretrial conference controls the subsequent course of action, Minn.R.Civ.P. 16.05, certain factors should be considered before modifying such an order:

(1) the degree of prejudice to the party seeking the modification;

(2) the degree of prejudice to the party opposing the modification;

(3) the impact of a modification at that stage of the litigation;

(4) the degree of willfulness, bad faith or inexcusable neglect on the part of the party seeking modification.

*Cotroneo v. Pilney*, 343 N.W.2d 645, 649 (Minn.1984).

Three months lapsed between the date of the pretrial conference and the trial during which no request was made to depose Tolo. The order allowed the deposition to be taken either by long distance telephone conference call (Tolo lived in Texas) or in person.

Only opening statements were made on the first day of trial and no testimony was taken. Poncin had time to depose Tolo before his appearance at trial. We find it was not reversible error for the court to allow Tolo to appear even though he was not deposed prior to trial as anticipated by the court's pretrial order.

AFFIRMED.