Ronald T. METAG, Appellant,

v.

K–MART CORPORATION, Respondent.

No. C8–85–2159.

Court of Appeals of Minnesota.

April 22, 1986.

Review Denied June 23, 1986.

Clyde E. Miller, Parris Law Offices, Ltd., Hector, for appellant.

John C. Childs, Julie Sweitzer, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This action arose out of injuries appellant Ronald T. Metag sustained when a lashing strap purchased from respondent K-Mart Corporation broke and struck him in the eye. The complaint, served on October 30, 1981, alleged claims for strict liability, breach of express and implied warranties, negligence, breach of contract, and res ipsa loquitur. On September 9, 1985, appellant moved to amend his complaint to include a prayer for punitive damages and to allege violations of the Minnesota uniform deceptive trade practices act, the prevention of consumer fraud act, and the consumer warranties act. The trial court denied the motion on October 9, 1985. Shortly thereafter, respondent admitted liability. The matter proceeded to trial by a jury on the issue of damages only on October 15, 1985. The jury returned a verdict in favor of appellant in the amount of $120,000. We affirm.

## FACTS

Appellant Ronald T. Metag was struck in his right eye on August 3, 1981 by a lashing strap that he had purchased the day before at a K-Mart store in Willmar, Minnesota. Appellant was using the lashing straps to secure a sleeping bag, tent, and suitcase to his motorcycle. The straps carried the brand name of K-Mart but stated that they had been manufactured in Taiwan. The lashing straps, sealed in plastic and already labeled, were sent directly to a

K-Mart distribution center and were later distributed to the Willmar store, where they were removed from a box and placed on the store shelf. K-Mart did no testing of this product before distributing it to its 2,300 stores and placed no warnings on the packages.

Appellant sustained an injury that left him legally blind in his right eye. A substantial portion of his vision was restored by surgery approximately two and one-half years after the injury occurred. Although appellant is now able to see out of his right eye, there is permanent damage to the iris. Because the iris will not constrict, the eye has a greater sensitivity to light, restricting some of his normal activities. Appellant also has an increased risk of glaucoma and retinal detachment.

### ISSUES

1. Did the trial court abuse its discretion in denying appellant's motion to amend his complaint to include claims under the Minnesota uniform deceptive trade practices act, the prevention of consumer fraud act, and the consumer warranties act?

2. Did the trial court abuse its discretion in denying appellant's motion to amend his complaint to include a claim for punitive damages?

3. Did the trial court err in denying appellant's claim for attorney's fees?

### ANALYSIS

■ 1. Minn.R.Civ.P. 15.01 provides for amendment of the pleadings "by leave of court," which "shall be freely given when justice so requires." Whether to permit a party to amend pleadings rests with the discretion of the trial court, and the decision will not be reversed absent a clear abuse of discretion. *Warrick v. Giron*, 290 N.W.2d 166, 169 (Minn.1980). A major consideration in the trial court's decision is the prejudice that may result, and the burden is on the opposing party to prove such prejudice. *McDonald v. Stonebraker*, 255 N.W.2d 827, 830 (Minn.1977).

Appellant contends that the trial court abused its discretion by refusing to allow him to amend the complaint to allege viola-

tions of the uniform deceptive trade practices act (Minn.Stat. § 325D.43–.48 (1984)), the prevention of consumer fraud act (Minn.Stat. § 325F.68–.70 (1984)), and the consumer warranties act (Minn.Stat. § 325G.17–.20 (1984)). Appellant argues that respondent failed to meet its burden of proving prejudice because the proposed amendments did not add any new legal theories, respondent had notice upon service of the complaint on October 30, 1981 of claims of breach of express and implied warranties, and the complaint stated that appellant had purchased the product through its retail store as a consumer.

■ We find sufficient evidence of prejudice to justify the trial court's denial of appellant's motion to amend his complaint. Appellant waited almost four years after commencing the action, and six months after the pre-trial conference, before filing the motion. The trial court undoubtedly would have had to reschedule the trial in order to allow respondent to prepare. In *LOL Finance Company v. Romain Corp.*, 352 N.W.2d 841, 844 (Minn.Ct.App.1984), this court held that it was not an abuse of discretion to deny a motion to amend an answer raising five additional defenses eight days before a scheduled trial. Appellant attempts to distinguish *LOL Finance Company* on grounds that the amendments sought by the defendant there constituted five distinct defenses, including fraud, mutual mistake of fact, breach of contract, duress, and coercion. We believe that appellant's new claims, although not as varied as those involved in *LOL Finance Company*, nevertheless would have required further discovery and a postponement of the trial. Preparation for the new claims would have required discovery on the issues of respondent's prior knowledge of a product defect, whether the defect was readily discoverable, the relationship between respondent and the manufacturer, and the alleged deceptive nature of its label. The trial court did not abuse its discretion here.

■ 2. Minn.Stat. § 549.20, subd. 1 (1984) allows for recovery of punitive damages in civil actions "only upon clear and convincing evidence that the acts of the

defendant show a willful indifference to the rights or safety of others." Whether to allow amendment to assert a claim for punitive damages is within the trial court's discretion and will not be reversed absent abuse of that discretion. *Utecht v. Shopko Department Store,* 324 N.W.2d 652, 654 (Minn.1982).

Appellant contends that the evidence is clear and convincing that respondent acted with willful indifference to the rights and safety of others when it failed to test the lashing straps before putting them on the store shelves and failed to include warnings on the packages.

■ We disagree. There was no evidence in the record indicating that respondent was involved in designing and manufacturing the lashing straps; rather, respondent was a closed-package retailer and therefore performed no tests on the product. There was also no evidence that respondent knew the lashing strap was defective or that similar straps had caused any injuries. The record before the trial court at the time of the motion indicates that respondent was, at most, negligent and therefore the court did not abuse its discretion in denying appellant's request to include a prayer for punitive damages. *See Utecht,* 324 N.W.2d at 654.

3. It is well established that attorney's fees are not recoverable absent a specific contract permitting it or a statute authorizing it. *Jacobs v. Rosemount Dodge-Winnebago South,* 310 N.W.2d 71, 79 (Minn. 1981). Appellant argues that he is entitled to recover attorney's fees as a matter of law under Minn.Stat. § 8.31 (1984), which allows a private individual injured by a violation of, inter alia, the prevention of consumer fraud act to bring a civil action and recover attorney's fees. Appellant claims that respondent's admission of liability based on allegations in the complaint, which included a count alleging breach of express warranties, constitutes a violation of the consumer warranties act, Minn.Stat. § 325G.19 (1984). A violation of the consumer warranties act is treated as a violation of the prevention of consumer fraud act. Minn.Stat. § 325G.20 (1984).

■ We decline to order an award of attorney's fees in this case. Although Minn.Stat. § 8.31 authorizes an award of attorney's fees for a violation of the prevention of consumer fraud act, appellant failed to proceed under this provision. Consequently, the general rule that attorney's fees are not recoverable applies, and the trial court properly refused to award them.

## DECISION

The trial court did not abuse its discretion in failing to permit appellant to amend his complaint to include claims under the consumer protection statutes and for punitive damages. The trial court did not err in denying appellant's request for attorney's fees.

Affirmed.