Peter K. McKENZIE, as Trustee for the Next of Kin of Peter F. McKenzie, Deceased, Petitioner,

v.

NORTHERN STATES POWER COMPANY, Respondent.

No. C7–89–752.

Court of Appeals of Minnesota.

May 23, 1989.

John Kelly, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for petitioner.

R.D. Blanchard, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J. and PARKER and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

A wrongful death action was brought after Peter F. McKenzie was electrocuted. Plaintiff sought leave to amend, to add a claim for punitive damages. Plaintiff now seeks discretionary review of the trial court's denial of that motion.

### DECISION

The Tort Reform Act of 1986 prohibited inclusion of a claim for punitive damages in plaintiff's complaint. *See* Minn.Stat. § 549.191 (1988). "After filing the suit a party may make a motion to amend the pleadings to claim punitive damages." *Id.* In support of a motion to amend, the party must allege a legal basis for such an award under Minn.Stat. § 549.20 or other authority, and must submit affidavits showing the factual basis for the claim. *Id.*

Section 549.191 "creates a preliminary evidentiary burden which plaintiff must meet before he may plead punitive damages." *Fournier v. Marigold Foods, Inc.*, 678 F.Supp. 1420, 1422 (D.Minn.1988). Plaintiff argues the evidentiary burden imposed by the trial court when ruling on his motion to amend was too onerous.

"[I]f the court finds prima facie evidence" supports the claim for punitive damages, it "shall" grant leave to amend. Minn.Stat. § 549.191. Prima facie evidence is that evidence which, if unrebutted, would support a judgment in that party's favor. *See* Black's Law Dictionary 1071 (5th ed. 1979). Necessarily then, the trial court must consider the elements and burden of proof required to *recover* punitive damages when deciding whether prima facie evidence has been submitted and ruling on a motion to amend.

At trial, a claim for punitive damages may be allowed "only upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others." Minn.Stat. § 549.20, subd. 1 (1988). Thus, where a plaintiff's motion to amend and supporting affidavits do not reasonably allow a conclusion that clear and convincing evidence will establish the defendant acted with willful indifference, no basis for amendment is made out. The standard is clear, and plaintiff's unsupported claim of widespread confusion does not justify our extension of discretionary review.

The trial court's denial of a motion to add a claim for punitive damages may be reviewed on appeal from a final judgment. *See Metag v. K–Mart Corp.*, 385 N.W.2d 864 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. June 23, 1986). A denial will not be reversed, absent a demonstrated abuse of the trial court's discretion. *Id.* at 867 (citing *Utecht v. Shopko Department Store*, 324 N.W.2d 652, 654 (Minn.1982)).

The trial court here ruled that while the affidavit of plaintiff's expert witness may constitute prima facie evidence of negligence, it was not prima facie evidence that NSP acted in bad faith or with willful disregard to the decedent's rights or safety. We agree. Even without contradiction from the defendant, the affidavit simply does not allege that NSP was aware of any specific danger and still failed to act. *See Wikert v. Northern Sand & Gravel Inc.*, 402 N.W.2d 178, 182–83 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. May 18, 1987) (mere indifference to others is insufficient and plaintiff must establish maliciousness by intentional or willful failure to act despite knowledge of danger to others); *Herbst v. Northern States Power Co.*, 432 N.W.2d 463 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Feb. 10, 1989) (failure to determine precise location of pipeline did

not constitute malicious, willful, or reckless disregard for others, even though assumption regarding location contributed to explosion).

Plaintiff in this case has not approached the requisite demonstration that the trial court abused its discretion in denying the motion to amend. In addition, the trial court's denial of a motion to amend does not finally foreclose the claim for punitive damages, since discovery may lead to evidence sufficient to justify a renewed motion.

We are troubled by the volume of petitions for discretionary review filed in recent months. As we explained in a recent Special Term opinion, discretionary review is wholly inappropriate where the trial court has broad discretion and the interlocutory order may be reviewed on appeal from a final determination of the entire action. *Clark v. Monnens*, 436 N.W.2d 830 (Minn.Ct.App.1989). The failure of counsel to heed these warnings contributes to excessive attorney fees and hinders the prompt disposition of cases in the trial courts and at the appellate level.

Petition for discretionary review denied.