George D. SWANLUND and Lu Jean Swanlund, Appellants,

v.

SHIMANO INDUSTRIAL CORPORATION, LTD., a Japanese corporation, and Shimano American Corporation, a United States corporation, Respondents.

No. C0–90–243.

Court of Appeals of Minnesota.

Aug. 14, 1990.

Review Denied Oct. 5, 1990.

Terry L. Wade, Daniel A. O'Fallon, Robins, Kaplan, Miller & Ciresi, St. Paul, for appellants,

Hugh V. Plunkett, III, Thomas C. Mielenhausen, Steven M. Phillips, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondents.

Considered and decided by LANSING, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

SHORT, Judge.

This court granted discretionary review of a trial court's order denying a motion to amend a complaint to add a claim for punitive damages. On appeal, George and Lu Jean Swanlund argue the trial court erred by applying the wrong legal standard to their motion under Minn.Stat. § 549.191 (1988). We disagree and affirm.

## FACTS

This products liability lawsuit is the result of a bicycle accident. George Swanlund claims the front wheel of his bicycle came loose, causing him to fall violently to the ground and rendering him a quadriplegic. The Swanlunds allege the quick-release bicycle hub manufactured and distributed by respondents Shimano Industrial Corporation, Ltd. and Shimano American Corporation was not equipped with a device that would prevent the wheel from escaping the bicycle fork.

After several years of discovery, the Swanlunds filed a motion to amend their complaint to assert a claim for punitive damages. The trial court denied the motion, finding that the Swanlunds had failed to meet their burden of proof under Minn. Stat. § 549.191.

## ISSUES

I. Did the trial court apply the correct legal standard to a motion to amend to plead punitive damages under Minn.Stat. § 549.191 (1988)?

II. Did the trial court correctly conclude the Swanlunds failed to allege a sufficient factual basis for punitive damages?

## ANALYSIS

### I.

■ This case requires construction of Minn.Stat. § 549.191, a question of law subject to de novo review. *See Doe v. Minnesota State Board of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989). The statute provides:

After filing the suit a party may make a motion to amend the pleadings to claim punitive damages. The motion must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim. At the hearing on the motion, *if the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to*

*amend the pleadings to claim punitive damages.*

Minn.Stat. § 549.191 (emphasis added).

The supreme court has explained the procedure for amending a complaint to seek punitive damages as follows:

When presented with a motion to permit assertion of a punitive damage claim, the function of the trial court is to do more than "rubber stamp" the allegations in the motion papers. Rather, the judge must ascertain whether there exists prima facie evidence that the defendants acted with "willful indifference."

*Shetka v. Kueppers, Kueppers, Von Feldt & Salmen,* 454 N.W.2d 916, 918 n. 1 (Minn. 1990).

■ The term "prima facie" does not refer to a quantum of evidence, but to a procedure for screening out unmeritorious claims for punitive damages. *See Black's Law Dictionary* 1071 (5th ed. 1979) (prima facie evidence is evidence which, if unrebutted, would support a judgment in the movant's favor); *Blumberg v. Palm,* 238 Minn. 249, 253, 56 N.W.2d 412, 415 (1953) ("[A] prima facie case simply means one that prevails in the absence of evidence invalidating it."). The statute therefore does not expressly state a quantum of proof which the movant must produce to obtain the amendment.

■ To prevail at trial, the plaintiff must show "clear and convincing" evidence of willful indifference to the rights or safety of others. Minn.Stat. § 549.20 (1988). We have previously held this quantum of proof is implicitly incorporated into the requirement that the movant present a prima facie case of willful indifference. *McKenzie v. Northern States Power Co.,* 440 N.W.2d 183, 184 (Minn.App.1989). The trial court may not allow an amendment where the motion and supporting affidavits "do not reasonably allow a conclusion that clear and convincing evidence will establish the defendant acted with willful indifference * * *." *Id.*

■ The United States Supreme Court has stated:

It makes no sense to say that a jury could reasonably find for either party without some benchmark as to what standards govern its deliberations and within what boundaries its ultimate decision must fall, and these standards and boundaries are in fact provided by the applicable evidentiary standards.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Thus, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden." *Id.* at 254, 106 S.Ct. at 2513. The trial court must determine:

whether a jury could reasonably find *either* that the plaintiff proved his case by the quality and quantity of evidence required by the governing law *or* that he did not.

*Id.* (emphasis in original). We stress that this determination does not require the trial court to make credibility determinations of any kind, and therefore does not denigrate the role of the jury. *Id.* at 255, 106 S.Ct. at 2513.

■ The trial court here concluded that the Swanlunds had not presented clear and convincing evidence that Shimano acted with willful indifference to the rights or safety of others. The trial court considered only evidence presented by the Swanlunds, without cross-examination or other challenge. Thus, we conclude the trial court applied the correct legal standard.

■ We requested at oral argument that the parties submit supplemental briefs on the applicability of Minn.Stat. § 549.191 to the consolidated actions now before us. It now appears the actions against the two Shimano corporations were commenced on different dates, and that section 549.191 has no applicability to the claim against Shimano American Corporation.[1]

1. Minn.Stat. § 549.191 applies to all actions commenced on or after August 1, 1986. 1986 Minn. Laws ch. 455, §§ 82, 95; Minn.Stat. § 645.02 (1988). The complaint against Shima-no American Corporation was served on June 25, 1986. The complaint against Shimano Industrial Corporation was served on August 9, 1986.

We are satisfied, however, that the result would be no different under the standard which existed prior to the effective date of Minn.Stat. § 549.191. Under that standard, the decision to permit or deny a punitive damage amendment was committed to the trial court's discretion, and a motion to amend could be denied if the trial court determined there was no clear and convincing evidence of willful indifference. *See Utecht v. Shopko Department Store,* 324 N.W.2d 652, 654 (Minn.1982); *Metag v. K–Mart Corp.,* 385 N.W.2d 864, 866–67 (Minn.App.1986), *pet. for rev. denied* (Minn. June 23, 1986); 1 D. Herr & R. Haydock, *Minnesota Practice* § 15.5 (Supp.1989). The trial court's conclusion that the Swanlunds did not present clear and convincing evidence of willful indifference would support denial of a motion to add a claim for punitive damages under either the current statutory standard or the preexisting standard. Our next inquiry is whether the trial court's conclusion as to the sufficiency of the evidence was supportable.

## II.

In reviewing the trial court's determination that the Swanlunds did not present clear and convincing evidence of Shimano's willful indifference to the rights or safety of others, we must first determine our standard of review. We held in *McKenzie* that a trial court's denial of a punitive damage amendment would not be reversed absent a demonstrated abuse of the trial court's discretion. *McKenzie,* 440 N.W.2d at 184. However, the supreme court in *Shetka* did not appear to give deference to the trial court's determination. *See Shetka,* 454 N.W.2d at 918 n. 1 ("[A]s a preliminary matter *we* must ascertain against which party or parties the respondents have sustained the burden of presenting prima facie evidence justifying the amendment of the complaint." (emphasis added)).

■ Minn.Stat. § 549.191 essentially requires the trial court to direct a portion of the verdict against the plaintiff if the evidence of willful indifference is insufficient. We therefore think the proper standard in a pretrial appeal is that for a directed verdict. (The standard on appeal after trial may differ, depending on what fact determinations have been made.) On appeal from a directed verdict, the reviewing court makes an independent assessment of whether the evidence is sufficient to present a fact question to the jury. *Citizen's National Bank of Willmar v. Taylor,* 368 N.W.2d 913, 917 (Minn.1985). The question is one of law. *Id.* We therefore review de novo the trial court's determination that the facts presented could not support an award of punitive damages. This rule is especially applicable where, as here, the trial court could make no credibility determinations, and where all the evidence presented to the trial court is available to us in the same form it was presented to the trial court.

■ The Swanlunds present three alternative theories of liability. First, they argue the wheel separated despite being correctly attached to the bicycle fork. The evidence supporting this theory is the statements of the Swanlunds that they were experienced bicyclists and habitually fastened the hub correctly. No evidence suggests this problem is one of design, thus the allegation amounts to a claim of defective manufacture. A single incident of a defectively manufactured product is insufficient to support a finding of willful indifference to the safety of others. There is no evidence Shimano knew its hubs could separate when properly attached to the forks.

■ Second, the Swanlunds argue Shimano knew of a product which could have prevented the accident, but failed to incorporate it into the design of their hub. This argument misconceives Shimano's role in producing the bicycle George Swanlund was riding when he was injured. As a component parts manufacturer, Shimano sold the hub to the company that assembled the bicycle. Shimano offered the positive retention device for sale, but could not incorporate it into the design of the hub because not all bicycle forks were compatible with it. Shimano left it to the assembling company to determine which reten-

tion device to incorporate into the bicycle design. Shimano's failure to assure that the bicycle assembler incorporated a retention device is at most negligence, which is insufficient to establish willful indifference. *See Metag*, 385 N.W.2d at 867.

Third, the Swanlunds argue Shimano's failure to warn the assembling company to install retention devices is evidence of willful indifference. The evidence demonstrates that the assembling company was equally aware of the risk of wheel separation, and of the product Shimano sold to protect against it. Shimano's failure to advise its customers and the public of the risk of wheel separation was at most a negligent failure to warn, which could sustain a compensatory damage award but not a punitive damage award. There is no suggestion of willful concealment of a known hazard. *See Hodder v. Goodyear Tire & Rubber Co.*, 426 N.W.2d 826, 836 (Minn.1988), *cert. denied*, — U.S. —, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989).

Under these circumstances, the trial court correctly denied the Swanlunds' motion to amend their complaint to plead a claim for punitive damages. Should further discovery yield evidence justifying a punitive damages claim, the Swanlunds are free to seek amendment.

We granted discretionary review in this case to clarify the law and because the parties demonstrated that the extreme expense of retrial would be unusually burdensome. In the future, we will not grant discretionary review of orders granting or denying motions to add claims for punitive damages absent exceptional circumstances.

## DECISION

The trial court did not err in its application of section 549.191, where the evidence offered did not constitute clear and convincing evidence that respondents acted with willful indifference to the rights or safety of others.

Affirmed.

LANSING, Judge (concurring specially).

I agree with the majority holding that a ruling on a motion to assert punitive damages necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). My point of divergence is the way in which the substantive evidentiary standard was applied in the pretrial ruling.

To add a punitive damage claim the Swanlunds are required to make a prima facie showing of evidence that could produce in the mind of the trier of fact a firm belief that Shimano acted in willful indifference to their rights or safety. *See* Minn.Stat. §§ 549.191, 549.20; *Becker v. Alloy Hardfacing & Engineering Co.*, 401 N.W.2d 655, 660 (Minn.1987). The trial court's conclusion that plaintiffs did not show "clear and convincing evidence" of willful indifference transforms a burden of production into a burden of persuasion and moves the determination of clear and convincing from the jury to the judge.

The trial court's memorandum addresses the § 549.20 standard of proof at trial but does not refer to the § 549.191 standard for pretrial motions to add a punitive damage claim. The court specifically stated that "the plaintiffs have not met their burden of proof with regard to punitive damages." The absence of reference to the burden of production and the substitution of the burden of proof instills additional doubt of whether the proper standard was applied. *See Shetka v. Kueppers, Kueppers, Von Feldt & Salmen*, 454 N.W.2d 916, 918 n. 1 (Minn.1990) (when presented with a motion to permit assertion of a punitive damage claim the judge must ascertain whether there exists prima facie evidence that the defendant acted with willful indifference).

This doubt loses its significance when viewed against the record as a whole. I agree with the majority's holding that the standard of review for denial of a punitive damages claim is analogous to a directed verdict. Under this standard reviewing courts would make an independent assess-

ment of whether the evidence is sufficient to present a fact question to the jury. I agree with the majority's assessment that on this record the evidence is insufficient to present a fact question to the jury. As the majority points out there is an opportunity to augment the record and renew the motion. For these reasons I concur in the result.