# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1140

_____

|  |  |  |
|---|---|---|
| Michael Bunker, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Kenneth Meshbesher; | * | |
| Meshbesher & Spence, Ltd., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:   October 20, 1997

Filed:   June 11, 1998

_____

Before McMILLIAN, LAY and BEAM, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Michael Bunker ("plaintiff") appeals from a final judgment entered in the United States District Court[1] for the District of Minnesota in favor of Kenneth Meshbesher

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

("Meshbesher") and the law firm of Meshbesher & Spence, Ltd. (together "defendants"), upon a summary judgment dismissal of three counts in plaintiff's complaint, Bunker v. Meshbesher, No. 3-94-1567 (D. Minn. Dec. 18, 1995) (order adopting report and recommendation of the magistrate judge,[2] id. (Oct. 17, 1995)), and a jury verdict for defendants on the remaining count in the complaint. Id. (Apr. 26, 1996) (judgment). For reversal, plaintiff argues, among other things, that the district court erred in: (1) holding that an oral agreement requiring a client to pay a non-refundable attorney's fee was not per se unlawful under Minnesota law; (2) denying his motion to amend the complaint to add a claim for punitive damages; (3) dismissing his tort claims on summary judgment; and (4) admitting parol evidence at trial. For the reasons stated below, we affirm.

## Jurisdiction

Jurisdiction was proper in the district court pursuant to 28 U.S.C. § 1332. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

In June 1989, plaintiff hired Meshbesher & Spence to represent him in a pending criminal matter in which he anticipated that drug-related charges and a forfeiture action would be filed against him. Meshbesher was selected to be his attorney. Defendants drafted and plaintiff signed a "retainer agreement," dated June 6, 1989. The June 1989 retainer agreement stated the following:

---

[2]The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

I, Michael Bunker, hereby retain the law firm of Meshbesher, Singer & Spence,[3] 1616 Park Avenue, Minneapolis, Minnesota to represent me concerning certain matters that I may be charged with.

I agree that if I am charged that the fee would be yet to be determined depending on the venue of the charges and the particular charge(s).

I agree to pay Meshbesher, Singer & Spence, Ltd., as a retainer $50,000.00 (FIFTY THOUSAND AND NO/100) of which $25,000 (TWENTY FIVE THOUSAND AND NO/100 DOLLARS) is non-refundable. If I am not charged and I determine that I wish to discharge Meshbesher, Singer & Spence, Ltd., they will return to me $25,000.00 (TWENTY FIVE THOUSAND AND NO/100 DOLLARS), which is the refundable portion of this retainer.

/s/Michael Bunker

Approximately six months later, plaintiff was charged by indictment in the United States District Court in Arizona, and about $60,000 of plaintiff's money was seized in a separate criminal forfeiture action. Thereafter, defendants drafted and plaintiff signed another "retainer agreement," dated January 19, 1990. The January 1990 retainer agreement stated the following:

I, MICHAEL BUNKER, hereby retain the law firm of MESHBESHER, SINGER & SPENCE, LTD., 1616 Park Avenue, Minneapolis, Minnesota to represent me concerning federal drug charges now pending in Tucson, Arizona. I agree to pay said law firm a fee of ONE HUNDRED TEN THOUSAND AND NO/100 DOLLARS ($110,000.00) for said representation.

This Retainer Agreement supersedes the Retainer Agreement signed by me with said law firm, on June 6, 1989. It is further understood

---

[3]Meshbesher & Spence was formerly called Meshbesher, Singer & Spence.

that the amount set forth in this Retainer Agreement will cover all attorney's fees and costs through trial and also covers the attorney's fees for their representation of me regarding a certain forfeiture proceeding of monies that I deposited at the Richfield State Bank in Minnesota.

/s/Michael Bunker

Unlike the June 1989 retainer agreement, the January 1990 retainer agreement did not mention whether any portion of the $110,000 fee was refundable. Plaintiff paid approximately $95,000 of the fee set forth in the January 1990 retainer agreement. Bunker v. Meshbesher, slip op. at 3 (Oct. 17, 1995) (magistrate judge's report and recommendation).

Several months later, after defendants had represented plaintiff in pre-trial motions in the Arizona criminal case and the related forfeiture action, plaintiff discharged defendants and retained a new lawyer, Stanley Marks. Represented by Marks, plaintiff entered a plea of guilty in the criminal case. Plaintiff served nineteen months in prison pursuant to his guilty plea.

Plaintiff brought the present civil action in federal district court in Minnesota seeking to recover from defendants a portion of the fee he paid pursuant to the January 1990 retainer agreement. His complaint included state law claims of breach of contract (Count I), deceit and collusion (Count II), forfeiture resulting from breach of fiduciary duties (Count III), and conversion (Count IV). He later moved for leave to amend the complaint to add a claim for punitive damages. Following a hearing before the magistrate judge, his motion for leave to amend the complaint was denied. Id. (July 7, 1995) (order of the magistrate judge) (affirmed by order of the district court, id. (Aug. 9, 1995)).

Defendants filed a motion for summary judgment seeking dismissal of each of plaintiff's claims. Plaintiff filed a cross-motion for summary judgment seeking

judgment as a matter of law on Count I (breach of contract). Upon consideration of the parties' cross-motions for summary judgment on the breach of contract claim, the magistrate judge stated the following:

> The Court is unwilling to conclude as a matter of law that the absence of any specific language in [the January 1990 retainer agreement] means that the retainer is refundable, nor that the asserted oral agreement establishes as a matter of law that the parties agreed upon a non-refundable retainer.
>
> Regardless of the determination as to the terms of the agreement between the parties, factual issues remain which prevent summary judgment for either party on the contract issue. Even if the parties agreed that all of the fee would be refundable, there remains the factual issue as to the reasonable value of services for which Defendants would be entitled to be paid in quantum meruit in any event. . . . [I]f the parties agreed that the entire fee was non-refundable, the jury must still determine whether the amount of that non-refundable fee was reasonable.

Id., slip op. at 3-4 (Oct. 17, 1995) (report and recommendation) (citation omitted).

Thus, the magistrate judge recommended that the cross-motions for summary judgment be denied with respect to plaintiff's breach of contract claim in Count I of the complaint. The magistrate judge further recommended that defendants' motion be partially granted with respect to plaintiff's remaining tort claims in Counts II through IV. Id. at 4-5. The district court adopted the magistrate judge's report and recommendation, dismissed Counts II through IV with prejudice, and left for trial the breach of contract claim. Id. (Dec. 18, 1995) (order).

At the trial on plaintiff's breach of contract claim, defendants were allowed, over plaintiff's objection, to introduce parol evidence to support their theory that the parties had orally agreed that the $110,000 fee was to be non-refundable. The case was submitted to the jury by way of a special verdict form which asked the jury (1) whether

the January 1990 agreement was a non-refundable fee agreement and, if so, (2) whether that non-refundable fee agreement was reasonable. The jury responded affirmatively to each of these two questions, thus indicating the jury's findings that (1) the parties' agreement was a non-refundable fee agreement and (2) the parties' agreement was reasonable.[4] The district court entered judgment for defendants. Id. (Apr. 26, 1996). Plaintiff moved for a new trial, and his motion was denied. Id. (Nov. 19, 1996). Plaintiff appealed.

## Discussion

*Validity of oral non-refundable fee agreement*

It is undisputed that the January 1990 retainer agreement was silent on the issue of whether the fee paid pursuant thereto was or was not refundable. Plaintiff argues, as a matter of law, that the agreement had to have been refundable because non-refundable fee agreements must be reduced to writing and approved by the client under Minnesota law. Plaintiff suggests that, if the fee imposed pursuant to the parties' January 1990 retainer agreement was a non-refundable retainer fee, it was per se unlawful and not could be enforced regardless of whether it was otherwise reasonable under the circumstances. Plaintiff cites several Minnesota cases holding that a client has the right to discharge his or her attorney without penalty and, in such cases, the attorney is entitled to fees only under a theory of quantum meruit. Plaintiff also relies on a New York case, In re Cooperman, 633 N.E.2d 1069 (N.Y. 1994), which addresses the applicable rule in New York. On these bases, plaintiff argues that he was entitled to summary judgment on his breach of contract claim. In a related argument, plaintiff argues that the district court erred at trial in instructing the jury that

---

[4]The special verdict form also indicated that, if the jury responded negatively to either of the first two questions, the jury was to proceed to a third question, which asked for the reasonable value of defendants' services to plaintiff.

"Minnesota law authorizes and upholds nonrefundable fixed or flat fee retainer agreements, if reasonable, between a lawyer and a client," and that "[p]rior to May of 1991, nonrefundable fixed or flat fee retainer agreements were not required to be in writing." See Appellant's Appendix at 76 (jury instructions). Similarly, plaintiff contends that the district court "erred by failing to limit the jury considerations to quantum meruit." Brief for Appellant at 32-33.

The magistrate judge held that, notwithstanding a subsequent change in the law, the law of Minnesota *at the time of the parties' agreement* did not prohibit attorneys from imposing non-refundable retainer fees without an advanced written acknowledgment by the client. Bunker v. Meshbesher, slip op. at 2 (Oct. 17, 1995) (report and recommendation) (citing In re Lochow, 469 N.W.2d 91, 98 (Minn. 1991) (per curiam) (Lochow)). In Lochow, decided in May of 1991, the Minnesota Supreme Court noted that non-refundable retainer fees were not per se unlawful because "there may be cases when the client's desire to have a particular attorney represent him or her will necessitate an immediate commitment," often at the risk to the attorney of foregoing or losing other potential business. 469 N.W.2d at 98. However, the Minnesota Supreme Court indicated in Lochow that, *in the future*, "the purpose of the retainer fee and the consent of the client for payment and use thereof must be reduced to writing and approved by the client." Id.

In the present case, the magistrate judge considered plaintiff's arguments in support of his motion for summary judgment on the breach of contract claim and rejected the notions that "the absence of any specific language in [the January 1990] 'pre-Lochow' Retainer Agreement means that the retainer is refundable, [or] that the asserted oral agreement establishes as a matter of law that the parties agreed upon a non-refundable retainer." Bunker v. Meshbesher, slip op. at 3 (Oct. 17, 1995) (report and recommendation). Upon review, the district court agreed with the magistrate judge, and so do we. Accordingly, we hold that the district court did not err in denying plaintiff's motion for summary judgment on the breach of contract claim. Nor did the

district court err in instructing the jury that Minnesota law permits non-refundable fixed or flat fee retainer agreements, if reasonable, and that, prior to May of 1991, non-refundable fixed or flat fee retainer agreements were not required to be in writing.

*Denial of motion for leave to amend the complaint*

Plaintiff argues that the district court erred in denying his motion for leave to amend the complaint to add a punitive damages claim. Id. (Aug. 9, 1995) (affirming order of the magistrate judge, id. (July 7, 1995)). In denying plaintiff's motion, the magistrate judge noted that the applicable Minnesota statute provides that "[a] court shall grant a motion to amend to allege punitive damages 'if the court finds prima facie evidence in support of the motion.'" Id., slip op. at 2 (July 7, 1995) (quoting Minn. Stat. § 549.191). The magistrate judge reasoned:

> In the present case, Plaintiff alleges that Defendants violated a fiduciary duty by refusing to reimburse and provide an accounting of the attorney fees paid by [plaintiff]. Defendants argue that the attorney fees were earned under a non-refundable, flat-fee agreement. This is essentially a contract dispute over the terms of the fee agreement and the obligations of Defendants under the agreement. There are no allegations of malpractice and Plaintiff has presented no evidence that Defendants breached a fiduciary duty. Plaintiff has not presented prima facie evidence that Defendants acted in "deliberate disregard" of Plaintiff's rights. Accordingly, Plaintiff is not entitled to allege punitive damages.

Id. at 2-3.

Plaintiff now contends that, contrary to the magistrate judge's reasoning, he did present evidence of defendants' breach of fiduciary duties because he alleged, and it is undisputed, that defendants did not refund any of the fee he paid to them, even though he discharged them while the criminal and forfeiture matters were still pending.

In order to succeed on a punitive damages claim under Minnesota law, "the plaintiff must show 'clear and convincing' evidence of willful indifference to the rights or safety of others." Swanlund v. Shimano Indus. Corp., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990) (quoting Minn. Stat. § 549.20). The "clear and convincing" standard of proof is "implicitly incorporated into the requirement that the movant present a prima facie case of willful indifference." Id. (citing McKenzie v. Northern States Power Co., 440 N.W.2d 183, 184 (Minn. Ct. App. 1989) (McKenzie)). Under Minnesota law, a trial court "may not allow an amendment [of the complaint to add a punitive damages claim] where the motion and supporting affidavits 'do not reasonably allow a conclusion that clear and convincing evidence will establish [that] the defendant[s] acted with willful indifference'" to the rights or safety of others. Id. (quoting McKenzie, 440 N.W.2d at 184); see also Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (same), cert. denied, 513 U.S. 1198 (1995).

In the present case, as explained above, Minnesota law did not prohibit defendants from requiring plaintiff to pay a non-refundable fee without a written agreement at the time the parties entered into the January 1990 retainer agreement. Plaintiff, therefore, did not make a prima facie showing that defendants acted with willful indifference to plaintiff's rights. Accordingly, we hold that the district court did not err under Minnesota law in denying plaintiff leave to amend his complaint to add a punitive damages claim.

*Dismissal of tort claims on summary judgment*

Plaintiff argues on appeal that the district court erred in dismissing on summary judgment his state tort law claims in Counts II through IV of the complaint. He argues that defendants violated their fiduciary duties by imposing a non-refundable fee without his advanced written acknowledgment and by failing to account for and return the unearned portion of the fee. On that basis, he contends, there are genuine issues of

material fact as to whether the January 1990 retainer agreement was legally invalid, whether the fee was unlawfully converted by defendants, and whether defendants are required to forfeit at least the unearned portion of the fee.

In recommending the dismissal of plaintiff's tort claims, the magistrate judge observed that the Minnesota Supreme Court has strictly limited the right to recover in tort for matters involving a breach of contract. Bunker v. Meshbesher, slip op. at 4 (Oct. 17, 1995) (report and recommendation) (citing Wild v. Rarig, 234 N.W.2d 775, 779 (Minn. 1975) (plaintiff seeking to recover damages for an alleged breach of contract is limited to damages flowing only from such breach except in exceptional cases where defendant's breach of contract constitutes or is accomplished by an independent tort), cert. denied, 424 U.S. 902 (1976)). The magistrate judge noted, and we agree, that plaintiff's tort claims in Counts II through IV were based entirely upon matters alleged in Count I, the breach of contract claim. See id. at 4-5. As discussed above, Minnesota tort law did not prohibit defendants from requiring plaintiff to pay a non-refundable fee without a written agreement at the time the parties entered into the January 1990 retainer agreement. Plaintiff, therefore, could not show that defendants' alleged breach of contract constituted or was accomplished by an independent tort, as a matter of law. Accordingly, we hold that the district court did not err in granting defendants partial summary judgment and dismissing with prejudice Counts II through IV of the complaint.

*Admission of parol evidence at trial*

Plaintiff also argues that the district court erred as a matter of law in allowing defendants to introduce parol evidence at trial regarding the parties' January 1990 agreement without making a prior express finding that the January 1990 retainer agreement was ambiguous. LaSociete Generale Immobiliere v. Minneapolis Community Dev. Agency, 44 F.3d 629, 636 (8th Cir. 1994) (initial question of whether contract is ambiguous is question of law for trial court to decide), cert. denied, 516 U.S

810 (1995). Plaintiff further maintains that the January 1990 fee agreement was not ambiguous and that the district court therefore erred in submitting to the jury the issue of whether the fee paid by plaintiff pursuant thereto was non-refundable. See id. at 635-36 (under Minnesota law, absent ambiguity in the contract, construction and effect of a contract are questions of law for the trial court to decide).

Plaintiff's arguments incorrectly assume that the district court admitted parol evidence and submitted the non-refundable fee issue to the jury on the ground that the January 1990 retainer agreement was ambiguous. However, Minnesota law permits a trial court to admit parol evidence and to submit contract interpretation issues to the jury where the parties' agreement is not "fully integrated" in the pertinent written document. See, e.g., Material Movers, Inc. v. Hill, 316 N.W.2d 13, 17 (Minn. 1982) (Material Movers). In Material Movers, a contract case, the Minnesota Supreme Court held that "where a written agreement is ambiguous *or incomplete*, evidence of oral agreements tending to establish the intent of the parties is admissible." Id. (emphasis added). Noting that the written "purchase agreement" was silent with respect to an "important aspect" of the parties' agreement, the court reasoned that parol evidence would have been helpful in supplying the missing term and would not have confused the issues or mislead the jury. Id. The Minnesota Supreme Court concluded that "[t]he importance of the contract term to which the improperly excluded evidence pertained, coupled with the effect of the exclusion on the trial process, persuades us that prejudice occurred and a new trial is required." Id. at 18.

In the present case, the magistrate judge specifically noted that the January 1990 agreement was "silent as to whether the retainer is or is not refundable." Bunker v. Meshbesher, slip op. at 3 (Oct. 17, 1995) (report and recommendation). The magistrate judge continued: "[d]efendants correctly point out that '[t]he law is well-settled that a writing which does not purport to include all the terms of the agreement or which is shown to be incomplete by a mere inspection of its face, may be enlarged by parol or extrinsic evidence to show the entire agreement.'" Id. (quoting Lentz v. Pearson, 74

-11-

N.W.2d 662, 666 (Minn. 1956)). On that basis, the district court admitted parol evidence and submitted the non-refundable fee issue to the jury. Upon review, we agree with the magistrate judge that the January 1990 retainer agreement was not a fully integrated contract precisely because it was silent with respect to whether the amount to be paid by plaintiff was a non-refundable retainer fee or a refundable advanced fee payment – a term of the agreement which was expressly addressed in the parties' June 1989 retainer agreement that was superseded by the January 1990 retainer agreement. Accordingly, we hold that the district court did not err under Minnesota law in permitting defendants to present parol evidence at trial regarding the missing term or in submitting to the jury the question of whether the payment was non-refundable.[5]

**Conclusion**

We have carefully examined plaintiff's remaining arguments on appeal and find them to be without merit. On that basis and for the reasons stated herein, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]We agree with plaintiff that the district court should not have instructed the jury that "[i]f . . . any term or portion of the contract is ambiguous, oral evidence may be examined to ascertain the parties' intent as to the meaning of a particular term or terms." See Appellant's Appendix at 75 (trial transcript at 837). However, that error was harmless because the oral evidence was properly admitted and examined by the jury on the ground that the January 1990 retainer agreement was not a fully integrated written contract. See Fed. R. Civ. P. 61 (harmless error standard).