Tanya SCHEIDECKER, Plaintiff,

v.

ARVIG ENTERPRISES, INC., Royale Comtronics, Inc., and Nancy Ettish, Defendants.

No. CIV. 99–1259 MJD/RLE.

United States District Court,
D. Minnesota.

May 19, 2000.

## ORDER

ERICKSON, United States Magistrate Judge.

### I.  *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiff's Motion to Amend Complaint so as to name another Defendant.

A Hearing on the Motion was conducted on May 17, 2000, at which time the Plaintiff appeared by Stephen W. Cooper, Esq., and the Defendants appeared by Elizabeth M. Misiaveg–Patel, Esq.

As stated, at the close of the Hearing, we grant the Plaintiff's Motion to Amend.

### II.  *Discussion*

In a State Court Complaint, that was removed to this Court on August 11, 1999, the Plaintiff alleged that she had been employed by the Defendant Arvig Enterprises, Inc., and by the Defendant "Royale Comtronics, Inc., a/k/a Royale Comtronics Sales and Services, Inc." The Plaintiff did not include Royale Comtronics Sales and Services, however, in the heading of the Complaint and, as best as we can tell, has not effected service of process on that corporate entity.

In separate Amended Answers, that were filed on September 2, 1999, each of the named Defendants denied that it was the employer of the Plaintiff, although neither Defendant addressed the Plaintiff's "also known as" allegation, other than by way of a general denial.  Thereafter, on October 6, 1999, the named Defendants filed dispositive Motions on a number of the Plaintiff's claims, but not on their contention that the Plaintiff's had failed to properly name her employer. On October 12, 1999, the Defendants filed their Statement of the Case which, again, noted that "[n]either Defendant Arvig Enterprises, Inc. nor Defendant Royale Comtronics, Inc. was Schiedecker's employer."  In addition, correspondence has been exchanged between the parties, during the pretrial processing of this action, which addresses their differing contentions as to the proper identity of the Plaintiff's employer at the time she was terminated from employment, but with no resolve.

On October 22, 1999, we issued our Pretrial Scheduling Order which, consistent with the parties' Joint Rule 26(f) Report, established December 1, 1999, as the operative date for the amendment of pleadings, or the joinder of additional parties.  Notwithstanding the Defendants' contention, that the Plaintiff had named the wrong corporate entities as the Plaintiff's employer, the Plaintiff did not seek to timely amend her Complaint so as to name any other corporate entity as the Plaintiff's employer.  The Defendants now oppose the Motion to Amend as untimely, under Rule 16(b), Federal Rules of Civil Procedure.

Relying solely upon Rule 15(a), Federal Rules of Civil Procedure, and its liberal allowance of Motions to Amend, the Plaintiff maintains that, only during a recent deposition of the Defendants' representatives was she given pause to believe that her Complaint should be amended to make clear her original purpose of including, by reference, Royale Comtronics Sales and Service, Inc. in her references to Royale Comtronics, Inc. We reject the Plaintiff's sole reliance upon the liberality of Rule 15 in justifying an allowance of the amendment she seeks.  As we have recently reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes—1983 Amendment; see also, *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 16 (D.Conn.1998).  It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."

*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. *Luigino's Inc. v. Pezrow Cos.,* [178 F.R.D. 523], at 525 [(D.Minn.1998)].

*Archer Daniels Midland v. Aon Risk Services, Inc.,* 187 F.R.D. 578, 581–582 (D.Minn. 1999).

We continue in that view and, accordingly, we turn to an ascertainment of whether the Plaintiff can satisfy the "good cause" requisites of Rule 16(b).[1]

■ As we explained at the close of the Hearing, we find "good cause" for the Plaintiff's delay in bringing her Motion to join Royale Comtronics Sales and Service, Inc., as a named Defendant in this action. First, the Defendants have been somewhat coy in their treatment of the Plaintiff's asserted misjoinder of the two corporate Defendants who are named in her original Complaint. The Plaintiff has demonstrated that her application for employment was printed on a form bearing the legend "Royale Comtronics, Inc.," and reciting, in the first sentence of the application: "You are being offered employment with the above company." See, *Exhibit C, Affidavit of Stacey R. Everson.* Appended to that same application are a number of forms bearing the legend of "Ar-

vig Enterprises, Inc. et al[.]," and referring to the "Company Drug and Alcohol Policy and Procedures," or the "Company Physical Examination Policy." *Id.* Also appended is a "RELEASE FORM" which authorizes "ARVIG ENTERPRISES, INC." to receive any criminal history record information which pertains to the Plaintiff. *Id.* While the Defendants may now claim that these official references are somehow null and void, we believe that a cautious attorney would accept these showings, as some evidence of the identity of the Plaintiff's employer, absent a responsible showing to the contrary.

Here, the Defendants actively sought their own dismissal from this action, but they certainly did not provide any evidence—at least as reflected in the Record before us—that would instill confidence that, by allowing such a dismissal, the Plaintiff would be doing little else than dismissing her action in total. We understand the Defendants to be suggesting that they were willing to stipulate to the substitution of Royale Comtronics Sales and Service, Inc., for the named-Defendants, but we see no evidence of that in this Record, and the Plaintiff disputes that contention. Rather, the Defendants have shown that as a corporate structure, Royale Comtronics Sales and Service, Inc. has a separate Certificate of Incorporation than that applicable to Royale Comtronics, Inc. In addition, the transfer of

---

1. We recognize that two recent decisions of our Court of Appeals may be viewed as questioning the vitality of Rule 16(b)'s requirement of "good cause" before a Scheduling Order can be modified so as to allow an otherwise untimely amendment of a pleading. In *Dennis v. Dillard Department Stores, Inc.,* 207 F.3d 523, 525 (8th Cir. 2000), the Court reversed the Trial Court, and allowed a defendant to amend its Answer, after the close of discovery, in order to allege an additional affirmative defense, under Rule 15(a). Unfortunately, the Court made no reference to Rule 16(b), nor to the Court's earlier decision, in *In re Milk Products Antitrust Litigation,* 195 F.3d 430, 437–38 (8th Cir.1999), cert. denied sub nom. *Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.,* —— U.S. ——, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000), where the Court looked beyond Rule 15(a), in affirming the denial of an untimely Motion to Amend a pleading, and expressly recognized that, "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."

In *Popp Telcom v. American Sharecom, Inc.,* 210 F.3d 928, 943–44 (8th Cir.2000), where the Court, again relying upon Rule 15(a), allowed a plaintiff to amend its Complaint so as to allege two additional State Court actions. There, however, the Court noted that the Motion to file a Third Amended Complaint was "timely," thereby obviating any analysis under Rule 16(b).

We continue to believe that "[t]he accessibility of the Courts would have no particular societal benefit if the actions so filed were not able to be timely brought to Trial." *Archer Daniels Midland Co. v. Aon Risk Services, Inc.,* 187 F.R.D. 578, 583 (D.Minn.1999). This fundamental truth, clearly articulated in Rule 1, Federal Rules of Civil Procedure, underscores the focus of Rule 16(b) on the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend. See, *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418–19 (11th Cir.1998); *Johnson v. Mammoth Recreations,* supra at 609.

assets, from Royale Comtronics Sales and Service, Inc., to Royale Comtronics, Inc., were shared with the Plaintiff, but we have not been privy to those documents and cannot ascertain, in the vacuum before us, whether these materials would have counseled an earlier joinder of Royale Comtronics Sales and Service, Inc. We reiterate, however, that the deposition of the Defendants' representatives, which alerted the Plaintiff to the desirability of a Motion to Amend, could well have been taken earlier in these proceedings.

On this Record, we are satisfied that the Plaintiff's initial characterization of Royale Comtronics, Inc., as also being known as Royale Comtronics Sales and Service, Inc., promptly placed the Defendants on notice that, at least in the Plaintiff's view, the naming of one of the entities incorporated the other. We do not suggest that such an implied act of incorporation by reference is an adequate substitute for effecting proper service of process, but we find little to counsel a denial of a Motion to Amend that would eliminate any uncertainties as to the Plaintiff's true employer at the times relevant to her Complaint. In short, we look for "good cause," not for "superlative cause."

On this Record, there appears to be commonality—at least in a general sense—in the owners, employees, corporate managers, addresses, and employment forms, of the currently named Defendants, and the proposed Defendant—Royale Comtronics Sales and Service, Inc. We imply no "piercing of the corporate veil" here, nor do we intimate that we are rendering any opinion on the successor in interest liability, if any there be, arising from Royale Comtronic, Inc.'s successorship to Royale Comtronics Sales and Service, Inc. We refer to this apparent commonality in order to reflect that, in our view, the discovery to date, while not necessarily at the instance of Royale Comtronics Sales and Service, will assure that due process is afforded to all parties. If, however, following Royale Comtronics Sales and Service, Inc.'s joinder, it requires additional discovery, it may request a modest extension in the pretrial deadlines so as to accomplish that result.

Accordingly, we grant the Plaintiff's Motion to Amend her Complaint so as to join Royale Comtronics Sales and Service, Inc., as an additional Defendant, but we direct the Plaintiff to remove from her proposed Amended Complaint those causes of action which either have been voluntarily dismissed, if any, or have been dismissed by prior Order of the District Court.[2]

NOW, THEREFORE, It is—

ORDERED:

1. That the Plaintiff's Motion to Amend Complaint so as to add Royale Comtronics Sales and Service, Inc., as an additional Defendant [Docket No. 45] is GRANTED.

2. That the Plaintiff shall, forthwith, file and serve a proper Amended Complaint upon Royale Comtronics Sales and Service, Inc., and the current Defendants, who shall respond to the Amended Complaint in accordance with the applicable Rules of Civil Procedure.

---

**2.** As we advised, during the course of the Hearing, the parties should "meet and confer" so as to eliminate any unnecessary party-Defendants, if any there be. We suggest that they attempt to enter a Stipulation so as to assure that the proper employer of the Plaintiff is the named-Defendant but, absent such a Stipulation, the unnecessary Defendants may seek a dismissal if warranted under the law.