NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0225n.06
Filed: April 30, 2008

No. 07-5738

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOE SHANE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BUNZL DISTRIBUTION USA, INC., | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

Before: KENNEDY, MOORE, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. When Joe Shane first appealed his contract claim to this court, we affirmed the district court in all respects save one: We remanded Shane's request to file a third amended complaint because the court gave no explanation for denying the motion. On remand, the district court provided an explanation for denying the motion, one that lies within the range of discretion given to the district courts over matters of this sort. We affirm.

I.

In our first opinion, we described the facts underlying Shane's breach-of-contract suit against Bunzl Distribution USA, Inc. *See Shane v. Bunzl Distrib. USA, Inc.*, 200 F. App'x 397 (6th Cir. Aug. 25, 2006). In that opinion, we affirmed all of the district court's substantive rulings: (1) We

upheld the dismissal of Shane's contract claims for "commissions from Bunzl in perpetuity" and commission calculations that account for rebates Bunzl received because his second amended complaint "failed to state any contractual basis for" such claims, *id.* at 402; (2) we upheld the rejection of Shane's promissory-estoppel and unjust-enrichment allegations because the existence of an enforceable contract precluded these claims, *id.* at 403–04; (3) we affirmed the court's summary rejection of Shane's claim for commissions for sales to all Wal-Mart stores because the written agreement "unambiguous[ly] . . . referred only to Wal-Mart Super Centers," *id.* at 405 (internal quotation marks omitted); (4) we upheld the denial of Shane's motion to extend the discovery deadline, *id.* at 407; and (5) we affirmed the court's grant of summary judgment to Bunzl on Shane's fraud claims, *id.* at 408.

At the same time we rejected each of these claims, we remanded one claim "for further consideration and explanation," holding that the district court abused its discretion by "denying without explanation Shane's motion for leave to file a third amended complaint." *Id.* at 406. On remand, the district court again denied Shane's motion, and this time it gave an explanation: By the time Shane requested leave to amend, the district court reasoned, the discovery and pleading deadlines had passed, and Shane had not shown good cause for amending his complaint and extending the discovery schedule under Rule 16(b). No good cause had been shown, the court elaborated, because everything in his proposed third amended complaint "could . . . have been pled . . . within the parameters of the court's scheduling order," D. Ct. Op. at 3, and nothing requires

district courts to allow "amendments which seek to assert known but previously unarticulated matters in order to revive dismissed claims," *id.* at 4.

## II.

While the Federal Rules of Civil Procedure allow any party to "amend its pleading once as a matter of course" if that amendment is filed "before being served with a responsive pleading," Fed. R. Civ. P. 15(a)(1), and further provide that "[i]n all other cases" courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), that window of opportunity does not remain open forever. Once a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b). *See Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003). Scheduling-order modifications, Rule 16 says, are available "only for good cause *and* with the judge's consent," Fed. R. Civ. P. 16(b)(4) (emphasis added), a threshold that requires late-moving litigants to show that "despite their diligence they could not meet the original deadline," *Leary*, 349 F.3d at 907. We will uphold a district court's denial of leave to amend unless the court abused its discretion or, as we sometimes say, unless we are left with a "definite and firm conviction that the trial court committed a clear error of judgment." *Dubay v. Wells*, 506 F.3d 422, 431 (6th Cir. 2007) (internal quotation marks omitted).

Shane's problem is that his attempt to file a third amended complaint (his fourth complaint in the case) did not seek to add anything new—anything he did not already know before the pleading deadline came and went. All of the meetings and letters from which Shane's third amended

complaint attempts to construct a contract for "commissions from Bunzl in perpetuity," *Shane*, 200 F. App'x at 402, occurred between 1993 and 1995, and Shane, as the "driving force attempting to broker some sort of agreement," assuredly had knowledge of all of these facts long before the pleading deadline, *id.* at 408. Shane indeed did not file his first complaint until 2001, and he amended his pleadings twice without mentioning the facts and theory underlying this last amended complaint.

On October 30, 2001, the pleading deadline passed, and on August 7, 2002 (almost ten months later), the district court dismissed some of Shane's claims under Rule 12(b)(6). Only then, on August 16, 2002, did Shane request leave to file a third amended complaint seeking to add two relevant allegations: (1) that his commissions claim was premised on an oral agreement (rather than the 1995 letter from Bunzl that Shane originally relied on) and (2) that it is customary in the industry to include rebates in gross-margin and commission calculations. Shane, as a participant in this alleged oral agreement, of course knew of these facts at least six years prior to his motion, allowing the court fairly to conclude that they "could . . . have been pled . . . within the parameters of the court's scheduling order." D. Ct. Op. at 3; *see also Leary*, 349 F.3d at 907. And a court could treat the failure to raise these allegations either as carelessness, which "is not compatible with a finding of diligence and offers no reason for a grant of relief," *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), or as unwarranted delay.

The filing of a fourth complaint in 2002 also would have prejudiced Bunzl because it would have required still further discovery in the case. After the magistrate extended the discovery deadline

twice, the district court declined to extend it further, and we upheld that decision because Shane's discovery requests all along had been "overly broad" and because he had dragged his heels during some parts of discovery "as a matter of trial strategy." *Shane*, 200 F. App'x at 406. We have held that "allowing amendment after the close of discovery creates significant prejudice," *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), and Shane acknowledged at oral argument that he was unwilling to forgo further discovery if we granted him permission to file another complaint.

Rule 16 was designed to ensure that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. The district court did not abuse its discretion in determining that this point occurred in 2001, requiring Shane to stand by his second amended complaint without forcing Bunzl to respond yet again to a new amendment and answer further discovery. Litigants, as the district court noted, do not have an unqualified right "to assert known but previously unarticulated matters in order to revive dismissed claims." D. Ct. Op. at 4. At the end of the day, this dispute turns on an alleged 15-year-old oral agreement and, up to now, has featured three complaints, several rounds of briefing and a six-day jury trial. The district court permissibly exercised its discretion in deciding that it was time to put the lawsuit to rest.

Relying on *Inge v. Rock Financial Corp.*, 281 F.3d 613, 626 (6th Cir. 2002), Shane argues that he showed the requisite diligence because his "only fault was in believing that he had sufficiently pled his claims," Br. at 28, and because he filed his motion to amend only nine days after the district court's 12(b)(6) order dismissing his second amended complaint. Even assuming for the

sake of argument that the relevant portion of *Inge* is a holding and not dicta, *but cf.* 281 F.3d at 620–22 (first holding that the complaint was sufficient and therefore did not require amendment), that case does not require a different outcome here. *Inge*'s diligence inquiry focused on the technical nature of the pleading defect identified by the district court and the "dearth of authority" regarding the pleading requirements under the Truth in Lending Act. *Id.* at 626. Those are not the problems we have here. *Inge* does not forgive a delayed *appreciation* of the relevant law, for "[a] misconception of the law is not an excuse for the late presentation" of new grounds for relief. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973). And, as the district court correctly explained, *Inge* "says nothing" about whether litigants have a right to add previously known *factual* allegations when there is no *legal* uncertainty. D. Ct. Op. at 4. Although Shane may have misunderstood what it takes to set forth a claim for breach of contract, Kentucky law has long been clear that such pleadings must state "the contract, the breach and the facts which show the loss or damage by reason of the breach," *Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky. 1952), and that legal certainty undermines his claim of good cause. Although "we might have reached a different conclusion, we decline to hold on appeal that [the] decision was an abuse of discretion." *United States v. Vincent*, 681 F.2d 462, 465 (6th Cir. 1982).

III.

For these reasons, we affirm.

No. 07-5738
*Shane v. Bunzl Distrib. USA, Inc.*

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in the judgment. On the particular facts of this case it was not an abuse of discretion for the district judge to deny leave to file a third amended complaint based on a failure of plaintiff to show good cause under Federal Rule of Civil Procedure 16. From before the pleading deadline plaintiff knew the circumstances in which he made a contract with defendant, yet plaintiff's proposed third amended complaint sought to change the premise of the contract claim from the 1995 letter to an oral agreement, without any valid assertion of good cause. Given plaintiff's suggestion at oral argument that further discovery would be needed if the third amended complaint were to be permitted to be filed, prejudice to defendant is apparent. These circumstances do not warrant our finding an abuse of discretion by the district judge in his determination on remand.