**TARGET CORPORATION, Plaintiff,**

v.

**LCH PAVEMENT CONSULTANTS, LLC; United Paving Company, a division of Superior Paving Co., Inc.; American Pavement Solutions Inc.; Asphalt Maintenance Inc.; Leslie J. Bailey; Keith Heutzenroeder; and Lois Wade, Defendants.**

Civ. No. 12–1912 (JNE/JJK).

United States District Court,
D. Minnesota.

Aug. 9, 2013.

James J. Hartnett, IV, Esq., John H. Hinderaker, Esq., and Michelle E. Weinberg, Esq., Faegre Baker Daniels LLP, for Plaintiff.

Aaron D. Hall, Esq., and Lucas J. Thompson, Esq., Twin Cities Law Firm, LLC, for Defendants LCH Pavement Consultants, LLC, Leslie Bailey, and Lois Wade.

Andrew H. Bardwell, Esq., Rolin L. Cargill, Esq., and William R. Skolnick, Esq., Skolnick & Shiff, PA; and David E. Durchfort, Esq., Kosnett & Durchfort, for Defendant United Paving Company.

Andrew S. Birrell, Esq., Paul C. Dworak, Esq., and Timothy R. Schupp, Esq., Gaskins, Bennett, Birrell, Schupp, LLP, for American Pavement Solutions Inc.

Adam R. Fracht, Esq., and Ted L. Walker, Esq., The Walker Firm; and Amy M. Sieben, Esq., Bradley D. Fisher, Esq., and Leah K. Flygare, Esq., Fisher Bren & Sheridan, LLP, for Asphalt Maintenance Inc.

### ORDER AND MEMORANDUM

JEFFREY J. KEYES, United States Magistrate Judge.

This matter is before the Court on Plaintiff Target Corporation's Motion for Leave to File a Third Amended Complaint. (Doc. No. 198.) The Court held a hearing on Plaintiff's motion on July 30, 2013. Based on the parties' submissions and arguments, together with all pleadings, records, and files herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. No. 198), is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted to the extent it requests leave to seek punitive damages against Defendants LCH Pavement Consultants, LLC, Leslie Bailey, Keith Heutzenroeder, and Lois Wade relating to the alleged fraud claim pleaded in the Second Amended Complaint. The motion is otherwise denied. A Third Amended Complaint adding only the punitive damages request for relief mentioned above shall be filed and served within seven days of this Order; and

2. The attached Memorandum is incorporated by reference.

### *MEMORANDUM*

### I. Introduction

In its motion to amend, Plaintiff Target Corporation ("Target") seeks to reallege its claims for fraud and for violation of Section 1 of the Sherman Antitrust Act of 1890.[1] (Doc. No. 201, Aff. of Michelle Weinberg ("Weinberg Aff.") ¶ 2, Ex 1 (Proposed Third Am. Compl.) at 65, 71.) Additionally, Target seeks to add—for the first time—claims for fraud in the inducement and violation of Section 2(c) of the Robinson–Patman Act of 1936. (*Id.* at 63, 73.) Finally, Target seeks to add punitive damages. (*Id.* at 74.) Defendants LCH Pavement Consultants, LLC ("LCH"), Leslie Bailey, and Lois Wade (collectively

---

**1.** These claims were previously dismissed by Judge Joan N. Ericksen. (Doc. No. 194, June 7, 2013 Order at 13–14, 2013 WL 2470148.)

"the LCH Defendants"), do not oppose the motion. (Doc. No. 234.) Defendants United Paving Company ("United"), American Pavement Solutions Inc. ("American"), and Asphalt Maintenance Inc. ("Asphalt"), and their principals (collectively "the paving contractors"), oppose the motion, arguing that the motion is untimely, that Target failed to show good cause for filing the motion after the deadline for amending pleadings expired, and that the proposed amendments would be futile.

## II. Background

In 2009, Target hired LCH as a paving consultant for a majority of its nationwide stores. In that capacity, LCH evaluated the maintenance needs of various store parking lots, solicited bids for that maintenance, and oversaw the maintenance during 2010 and 2011. During those years, the paving contractors submitted bids to LCH for work on Target parking lots and performed or subcontracted to perform various paving services.

On August 3, 2012, Target brought suit against LCH, three of LCH's employees, the paving contractors—United, American, Asphalt, and Rose Paving Company—and the presidents or CEOs of those paving companies. (Doc. No. 1, Compl.) The Court held a Pretrial Conference with the parties on October 31, 2012. (Doc. No. 73, Pretrial Conference Minutes.) At that conference, the Court set the deadline for motions to amend pleadings for December 31, 2012. (Doc. No. 74, Pretrial Scheduling Order 1.) On December 31, 2012, Target brought a motion to amend its complaint. (Doc. No. 112.)[2] On February 5, 2013, the undersigned granted Target's motion to the extent Target requested per-

mission to add additional facts to its Complaint, and denied without prejudice Target's request for leave to plead punitive damages. (Doc. No. 129.) Specifically, the Court stated in its Order:

> Target Corporation's Motion for Leave to Amend the Complaint (Doc. No. 112), is **GRANTED IN PART** and **DENIED IN PART.** Target's motion for leave to plead punitive damages is **DENIED WITHOUT PREJUDICE.** Target can renew its motion for leave to plead punitive damages after the Court rules on the pending motions to dismiss. The deadline for filing and serving a motion for leave to seek punitive damages is September 30, 2013, which is 30 days before the end of fact discovery. Target's motion to amend is otherwise **GRANTED.**

(*Id.*)

On February 7, 2013, Target filed its Second Amended Complaint. (Doc. No. 130, Second Am. Compl.) In that pleading, Target's allegations against the LCH Defendants and the paving contractors included claims for violation of the Racketeer Influenced and Corrupt Organization Act of 1970 ("RICO"), breach of contract, fraud, and violation of the Sherman Antitrust Act. (*Id.*)

Between February 25 and March 25, 2013, the paving contractors all filed motions to dismiss the claims against them. (Doc. No. 139, Defs. American Pavement Solutions, Inc. and Timothy Helstad's Joint Rule 12(b)(6) Mot. to Dismiss Count One of Plaintiff's Second Am. Compl.; Doc. No. 157, Asphalt Maintenance Inc. and James Stinson's Mot. to Dismiss RICO Claim (Count I), Fraud Claim

---

**2.** Target had previously amended its Complaint once as a matter of course under Rule 15 after an early motion to dismiss had been filed by American. (*See* Doc. No. 17 (American Mot. to Dismiss); Doc. No. 34 (Am.

Compl.).) That early motion to dismiss by American was later denied as moot after the undersigned granted Target's request to amend its Amended Complaint. (*See* Doc. No. 120, Jan. 2, 2013 Order.)

(Count IV) and Sherman Act Claim (Count V) Under Fed.R.Civ.P. 12(b)(6) and 9(b); Doc. No. 165, Joint Mot. by Defs. United Paving Co. and Sabas Trujillo to Dismiss Counts One, Four, and Five of the Second Am. Compl.; Doc. No. 172, Defs. Rose Paving Co.'s and Alan Rose's Mot. for J. on the Pleadings.) On May 17, 2013, Judge Ericksen heard oral argument on these motions (*see* Doc. No. 193), and on June 7, 2013, she dismissed Target's RICO claim and Sherman Antitrust Act claim against all Defendants, and she dismissed Target's fraud claim against the paving contractors. (Doc. No. 194, June 7, 2013 Order.)[3] Thus, after Judge Ericksen's Order, the claims that remained in the case, as set forth in the Second Amended Complaint, included a fraud claim against the LCH Defendants only, and breach of contract claims against LCH and the paving contractor companies.

On July 3, 2013, Target filed the now pending motion to amend (Doc. No. 198), which not only seeks leave to assert punitive damages under Minn.Stat. § 549.191, but also seeks leave to re-allege a fraud claim against the paving contractors and a Sherman Act claim against all Defendants.[4] (Weinberg Aff. ¶ 2, Ex 1 (Proposed Third Am. Compl.) at 65, 71, 74.) Target does not seek to revive its RICO claim. Target also seeks leave to add new claims against the paving contractors for fraud in the inducement and violation of the Robinson–Patman Act. (*Id.* at 63, 73.)

Target brings this motion to amend under Federal Rule of Civil Procedure 15(a). (Doc. No. 198; *see also* Doc. No. 200, Target Corp.'s Mem. in Supp. of its Mot. for Leave to File a Third Am. Compl. ("Target Mem.") 2, 26–27.)

### III. Analysis

■ Ordinarily, the Court applies the lenient standard of Federal Rule of Civil Procedure 15(a) to a motion to amend. Fed.R.Civ.P. 15(a) (providing that leave to amend should be given freely when justice so requires). But, when a motion to amend is filed after the expiration of the applicable deadline in the Court's Scheduling Order, Rule 15(a)'s permissive test no longer applies, and instead the tougher "good cause" standard applies under Rule 16(b)(4). Here, Target argues that the Rule 15 standard applies to its motion to add claims, even though the deadline for amending pleadings has passed, because the Court had extended the deadline for filing a motion for leave to seek punitive damages to September 30, 2013. Target's position is baseless.

■ The Court did not extend the deadline for amending pleadings to add parties or claims (i.e., causes of action). The Court only extended the deadline for seeking leave to assert punitive damages as a prayer for relief.[5] Therefore, the deadline for amending pleadings to add parties or claims remained at December 31, 2012,

---

**3.** Rose Paving Company and its CEO settled with Target and were dismissed by stipulation prior to Judge Ericksen's June 7, 2013 Order. (Doc. No. 194, June 7, 2013 Order 2.)

**4.** The proposed amendments to the fraud claim appear to also relate to Target's fraud claim against the LCH Defendants.

**5.** Specifically, the Court denied without prejudice Target's motion for leave to plead punitive damages (otherwise granting Target's motion to amend), and stated that the dead-

line "for filing and serving a motion for leave to seek punitive damages is September 30, 2013." (Doc. No. 129, Feb. 5, 2013 Minute Order.) The Order did *not* extend the deadline for seeking to amend the pleadings to add any other claims beyond December 31, 2012. In the context of the hearing, the only reasonable interpretation of the Court's Order was that the Court was only extending the deadline for filing and serving a motion for leave to seek punitive damages under Minn.Stat. § 549.191.

and because that date has passed, Rule 16 applies to Target's motion with respect to its request to add claims or causes of action to its pleading. Because Target did bring its motion for leave to assert punitive damages within the extended deadline provided by the Court, Target's request for leave to assert punitive damages will be analyzed under Minn.Stat. § 549.191, and Target need not show "good cause" under Rule 16 for making that request.

### A. Adding Claims

It appears to this Court that the primary purpose of Target's proposed Third Amended Complaint is to overcome Judge Ericksen's dismissal of Target's fraud claims against the paving contractors and its Sherman Act Section 1 claims against all Defendants. Target argues that "evidence of fraudulent and criminal conduct that discovery has revealed in this case to date ... was not considered by the Court when it evaluated the sufficiency of the allegations in Target's Second Amended Complaint." (Doc. No. 200, Target Mem. 4–5.) When the Court dismissed these claims on June 7, 2013, Target was faced with several choices as to how to proceed. If Target believed that the Court failed to properly take into account evidence of fraud and antitrust violations that Target had proffered to the Court on the motions to dismiss, it could have confronted this issue head on and asked that the dismissal be reconsidered. Or, if the problem was that Target had failed to present this

evidence to the Court, Target could have, in a motion to reconsider, candidly acknowledged this failure and sought leave to replead.[6] There is no indication in the docketed record that Target made such a request. Another option for Target—if, in fact, it gained new, helpful discovery after the motions to dismiss were pending—would have been to bring a motion to amend under Rule 16.

Instead, Target avoids the difficult task of moving for reconsideration and tries to avoid the hurdle of showing Rule 16 "good cause" for amending the schedule to add claims, by coming up with a novel interpretation of the deadlines for filing motions to amend the complaint. Target argues that because the Court allowed the date by which to file a motion for leave to seek punitive damages to be extended to a month before the close of discovery, it should be able to freely amend its complaint at any time up until that point to add a substantive claim upon which punitive or treble damages could be sought— even if the substantive claim, like the fraud claim here, was previously dismissed by the Court on a Rule 12 motion. And, straining even further, Target argues that this means that the Rule 16 good cause requirement for amendment adding the substantive claims does not apply.

■ To read the discovery schedule, this Court's Order, and the Rules the way Target proposes would mean that adding substantive claims to the pleadings would

---

**6.** Although the Court is uncertain as to when Target received some of the discovery it is now relying on, it appears that Target had much of the discovery before Judge Erickson issued her decision on June 7, 2013. For example, Target made arguments to Judge Ericksen in its opposition briefs about fraudulent billing, false certifications, and the hiring of subcontractors. (*See* Doc. No. 181, Target Corp.'s Opp'n to United Paving Company's and Sabas Trujillo's Joint Mot. to Dismiss ("Target Opp'n to United") 2; Doc. No. 178,

Target Corp.'s Opp'n to Asphalt Maintenance Inc. and James Stinson's Mot. to Dismiss ("Target Opp'n to Asphalt") 15, 18.) And further, by way of example, Target had the David Serrano memo back when it originally received it from David Serrano on June 1, 2011 (Weinberg Aff. ¶ 2, Ex 1 (Proposed Third Am. Compl.) at Ex. L), and the deposition of David Serrano took place on January 3, 2013, before the filing of the Second Amended Complaint. (Weinberg Aff. ¶ 9, Ex. 8.)

be freely given all the way through the end of discovery, which would give no meaning to the motion to amend deadline, would give no purpose to Rule 16(b), and would severely prejudice the party defending the substantive claims because there would be no time left in the discovery period for it to seek discovery to prove up its defenses to the added claims. The purpose of setting the punitive damages motion toward the end of fact discovery is to allow a party adequate time to gather evidence in support of punitive damages for the claims that are already pending in the case. This does not relieve a party from the notice obligations to assert all of its substantive claims in a timely fashion—i.e., by the date for which motions to amend the pleadings or to add parties must be filed and served, which in this case was December 31, 2012. This is further supported by the fact that courts in this district apply the Minnesota gatekeeping statute to a request for leave to add a prayer for punitive damages, which requires a plaintiff to provide prima facie evidence to bring punitive damages into the case. *See infra* pp. 1010–11. This is a fundamentally different standard than that applied to amendments seeking to add claims or parties. If a party has a legitimate reason for why it cannot plead its case in a timely fashion, that party then has the option to either (1) bring a motion to extend the deadline for filing and serving motions to amend the pleadings, before that deadline passes; or (2) bring a motion to amend under Rule 16 and show good cause why a late amendment should be allowed. Here, Target failed to do either.

■ Because Target's request to add substantive claims is untimely, Target was required to show that there is "good cause" under Rule 16(b)(4) to modify the schedule. Fed.R.Civ.P. 16(b)(4); *Equal Empl. Opp. Comm. v. Hibbing Taconite, Co.*, 266 F.R.D. 260, 265 (D.Minn.2009) (stating that because the deadline to amend pleadings has expired under the

court's scheduling order, the defendant is required to show good cause for leave to amend) (citing *Alholm v. Am. S.S. Co.*, 167 F.R.D. 75, 77 (D.Minn.1996)); *see also Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir.2003) (holding that the district court may properly require a party filing an untimely motion to amend to show good cause). The good cause standard is "exacting[.]" *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D.Minn.2000). The focus of this exacting test is on the diligence with which the moving party attempted to comply with the scheduling order's deadlines, *id.* at 632 n. 1, and not on the prejudice to the non-moving party. *See Metro Produce Distr., Inc. v. City of Minneapolis*, 473 F.Supp.2d 955, 964 (D.Minn.2007). Ultimately, in applying Rule 16(b) to the circumstances presented here, the Court asks whether the moving party (i.e., Target) has demonstrated "that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Archer Daniels Midland v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 581–82 (D.Minn.1999).

■ As mentioned above, were the Court to apply Rule 15(a) when a party seeks leave to amend after the scheduling order's deadline has passed, we would risk reading Rule 16(b) out of the Rules of Civil Procedure. *See Scheidecker*, 193 F.R.D. at 632 n. 1 (citing *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437–38 (8th Cir. 1999)). The good cause standard is not applied to an untimely motion to amend out of a devotion to formalism; rather, it is designed to foster timely and efficient resolution of disputes and ensure accessibility to the courts. Allowing a party to bring a motion to amend outside the applicable scheduling order's deadline without showing that the party diligently tried but was unable to comply with that deadline would potentially undermine these fundamental

principles of our civil justice system. Thus, a court uses scheduling orders to control litigation by managing the timing, sequence, and closing of pleadings, establishing discovery deadlines and limitations, setting deadlines and procedures for motion practice, and identifying a trial date. Insisting that parties adhere to the schedule is thus an integral part of how a court carries out its obligation to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R.Civ.P. 1. Litigants know the schedule on which their cases will progress, what their obligations will be throughout the life of those cases, and, most importantly, when they can reasonably expect their lawsuits to come to an end. Courts honor those expectations when courts require a party to show that it has acted diligently in complying with the schedule. In other words, applying Rule 16(b)'s good cause standard to an untimely motion to amend demands that a party asking to upset those expectations must provide a good reason for doing so.

■ Here, Target has not given the Court a good reason to disturb the deadlines established by the Scheduling Order and as narrowly amended by the Court's February 5, 2013 Minute Order. In fact, Target has made no argument as to good cause whatsoever. It has not, for example, shown the Court that there is game-changing evidence that it discovered—and could only have discovered—after the motion to dismiss was decided that warrants adding new, or reviving dismissed, claims. Therefore, Target's motion to amend to add any substantive claims is denied because Target has not met its burden. *See Equal Empl. Opp. Comm.*, 266 F.R.D. at 265 (stating that when the deadline to amend pleadings has expired, the defendant is required to show good cause for leave to amend).

Further, even if this Court goes digging, looking for good cause to support Target's motion, it only finds a general assertion by Target in its brief that "[a]ll of these facts have been established through deposition testimony, emails, and business records obtained during discovery in this case— none of which were known to [Target] at the time it filed its Second Amended Complaint." (Doc. No. 200, Target Mem. 1.) First, this statement seems to be at a minimum an overstatement, and at most entirely incredible, as with just a cursory review of the record this Court has found that some facts that Target relies on in support of its motion were in the record prior to its filing the Second Amended Complaint. *See supra* note 6. And second, whether certain facts were not known to Target until after the filing of the Second Amended Complaint is not the *sine qua non* under Rule 16. Instead, the focus under Rule 16(b) is on the diligence with which the moving party attempted to comply with the scheduling order's deadlines. In other words, just because Target did not know certain information until later does not necessarily constitute good cause for allowing it leave to amend the complaint after the deadline. Target has to address its diligence—i.e., it has to answer the questions of what it did to obtain the information within the deadline and why it was not possible for it to have known the information until later. In its motion before the Court, Target does not address its diligence in trying to get any necessary and relevant discovery before the motion to amend deadline, nor does it address why it had not or could not have gotten the necessary discovery for the pleading prior to the filing of the Second Amended Complaint.

■ Further, Target does not explain why its new claims or theories could not have been asserted previously, despite its

due diligence. For example, Target is asking to add a claim for fraud in the inducement. This claim is only different from a common-law fraud claim in that it requires a claim that the fraud contributed to the formation of a contract. *Welch v. Buller*, 481 N.W.2d 856, 859 (Minn.Ct.App. 1992). Target bases this claim on the assertion that the paving contractors had no intent to perform in full the contracts they had with Target, and Target points to the subcontracts that the paving contractors had with subcontractors for lesser scopes of work to support its claim. Target has not explained, however, why it could not have fashioned arguments in support of pleading this claim when it was before the Court on the Defendants' motions to dismiss, or why this theory was not included in the Second Amended Complaint; indeed, it seems from the Second Amended Complaint and Target's briefing to the Court that it had the subcontracts in its possession to consider, or at least Target had reviewed the contents of the subcontracts. (*See, e.g.*, Doc. No. 130, Second Am. Compl. 6–7, 14; Doc. No. 178, Target Opp'n to Asphalt 18 (citing the Second Am. Compl.); Doc. No. 181, Target Opp'n to United 6 (citing the Second Am. Compl.).)

 Target is also asking to add a Robinson–Patman Act claim. Target bases its Robinson–Patman Act claim on alleged bribes and kickbacks that the paving contractors paid to LCH and its principals. However, it appears that Target knew of these payments, or at least some of them, when it filed its opposition to the motions to dismiss. (*See* Doc. No. 181, Target Opp'n to United 9–10; Doc. No. 178, Target Opp'n to Asphalt 6). "[A] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, Civ. No. 09–1091 (JNE/JSM), 2010 WL 4193076, at *6, *7 (D.Minn. Oct. 7, 2010) (concluding that the plaintiff could not show good cause to add a state law unfair trade practices claim where information on which the claim was based was known to the plaintiff before the deadline had expired).

And the same is also true of Target's new twist on its Sherman Act Section 1 claim. Target has recast its per se violation claim as a bid rotation conspiracy, and also asserts that the several "vertical conspiracies" entered into by the paving contractors had such an anticompetitive effect that they constitute a Rule of Reason violation of Section 1 even if there is insufficient proof of a horizontal conspiracy. But, as with the other claims it now asserts, Target makes no good cause showing as to why it did not set forth these theories in its Second Amended Complaint or present them to the Court in the response to the motion to dismiss or in a motion for reconsideration.[7] Indeed, Target concedes that it "does not seek to raise

---

**7.** Like the fraud in the inducement and Robinson–Patman Act claims, it appears that Target knew of much of the evidence it now relies on to resurrect the Sherman Act claim before it was dismissed. (*See* Target Mem. 36–37 (indicating its evidence of plus factors); *see also* Doc. No. 130, Second Am. Compl. 5–7 (referencing non-competitive bidding prior to 2011); *id.* at 10 (referencing the conference allegedly held prior to the 2011 "sourcing event"); Weinberg Aff. ¶ 9, Ex. 8 (attaching the Jan. 3, 2013 deposition of David Serrano, which was taken on Jan. 3, 2013); Second Am. Compl. 10–11 (referencing the effects of the archetype pricing program); Doc. No. 181, Target Opp'n to United 9–10 (referencing payments made to LCH); Doc. No. 178, Target Opp'n to Asphalt 6 (same); Doc. No. 178, Target Opp'n to Asphalt 1–2 (referencing payments from American to Asphalt Defendants); Doc. No. 181, Target Opp'n to United 13 (referencing payments made from American to other paving contractor Defendants).)

wholly new claims[.]" (Target Mem. 28.) If this is true, then Target has not explained why these claims could not have been presented to the Court on its previous motion to amend in accordance with the Scheduling Order.

 Target asserts that it submitted its motion for leave to amend "only three and a half weeks after the District Court's June 7, 2013 Order (in which certain claims from the Second Amended Complaint were dismissed without prejudice)." (Target Mem. 28.) It seems Target is arguing that it did not know how to properly plead its Complaint until after the District Court gave its reasoning for dismissing claims in its dismissal Order, and the District Court's guidance came after the deadline for amending pleadings, thus giving Target good cause to bring its motion now. Target does not cite and the Court has not located any case suggesting that a district court's dismissal of an insufficiently pled claim after the deadline for amending pleadings has passed amounts to good cause for failure to comply with a scheduling order. In the Eighth Circuit, the absence of such a rule is not surprising; the timing of the district court's decision on a motion to dismiss will often have little to do with a party's diligence in meeting deadlines. The cases addressing this situation depend either on some factor other than the timing of the dismissal order to find that a party moving to amend has shown good cause, or they apply a good cause standard that, unlike courts in the Eighth Circuit, considers the prejudice to the non-moving party. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625–26 (6th Cir. 2002) (concluding that the denial of a motion for leave to amend was an abuse of discretion and that the plaintiff did not fail to act diligently where the district court's dismissal order was based on a legal theory with scant precedent and where the untimely motion to amend was filed "just days after the dismissal order" and considering lack of prejudice to the non-moving party); *Stern v. Felmet*, No. C2–05–907, 2007 WL 1023948, at *3 (S.D.Ohio Mar. 30, 2007) (discussing only the lack of prejudice to the non-moving party as a basis for finding good cause); *see also Shane v. Bunzl Distr. USA, Inc.*, 275 Fed.Appx. 535, 536–38 (6th Cir.2008) (concluding that a plaintiff failed to show good cause where the district court's dismissal order was not premised on uncertainty in the law about the pleading of a cause of action); *cf. In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437–38 (8th Cir.1999) (finding no abuse of discretion in denial of leave to amend where the party bringing the untimely motion to amend was made aware of the same flaws in their proposed amendment that were identified in the district court's dismissal of its initial complaint). Here, the grounds for dismissal were not based on legal theories for which there was a "dearth of authority." *Inge*, 281 F.3d at 626. Rather, Target's reaction to the District Court's dismissal Order appears to show "a delayed *appreciation* of the relevant law," which is not a basis for finding good cause under Rule 16(b). *Shane*, 275 Fed.Appx. at 538 (emphasis in original); *see also id.* (suggesting that a litigant does not "have a right to add previously known *factual* allegations when there is no *legal* uncertainty") (emphasis in original).

 Finally, Target asserts that its motion should be granted because "the Defendants have had notice of Target's fraud and antitrust claims for almost a year." (Target Mem. 28.) But this argument is irrelevant to the good cause analysis, which focuses only on the moving party's diligence in trying to comply with the Scheduling Order. The fact that Defendants may have known about the possible theories Target could assert in this case has no bearing on whether Target acted diligently in trying the meet the applicable

deadline. Rather, this argument attempts to improperly inject a consideration of lack of prejudice to the non-moving party into the good cause analysis. *See Metro Produce*, 473 F.Supp.2d at 964 (stating that the good cause standard does not address prejudice to the non-moving party).

Accordingly, Target has failed to show the requisite good cause under Rule 16(b) to amend its Second Amended Complaint to add substantive claims, and its motion in that regard is denied. Because Target has failed to show good cause to modify the Scheduling Order to allow it to amend its Second Amended Complaint to add substantive claims, the Court does not address in further detail whether the proposed claims against the paving contractors for fraud, fraud in the inducement, violations of the Sherman Act, and violations of the Robinson–Patman Act are futile.

### B. Punitive Damages

■■■■ In diversity actions such as this,[8] the pleading of punitive damage claims must generally conform to the requirements of Minn.Stat. § 549.191. *Ulrich v. City of Crosby*, 848 F.Supp. 861, 866 (D.Minn.1994); *see also Bunker v. Meshbesher*, 147 F.3d 691, 696 (8th Cir.1998). Section 549.191 requires the court to perform a gatekeeping function to screen out "unmeritorious claims for punitive damages." *Swanlund v. Shimano Indus. Corp.*, 459 N.W.2d 151, 154 (Minn.Ct.App. 1990). Specifically, the gatekeeping statute provides that the plaintiff may not seek punitive damages at the outset of a civil action. Instead, the plaintiff must make a motion to amend the pleadings to claim punitive damages and support that motion with affidavits showing the factual basis for the claim. The court must give the plaintiff leave to add a claim for puni-

tive damages if it finds that the plaintiff provides prima facie evidence in support of the motion. *Id.*

■■■■ Because a prima facie showing is one "that prevails in the absence of evidence invalidating it," *Blumberg v. Palm*, 238 Minn. 249, 253, 56 N.W.2d 412, 415 (1953), "the Court reviews the evidence in support of a Motion to Amend as the Court would review a . . . Motion for Judgment as a Matter of Law" under the Federal Rules of Civil Procedure. *Ulrich*, 848 F.Supp. at 867; *see also Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 870 F.Supp. 1499, 1502–03 (D.Minn.1994) (stating that evidence submitted in opposition to the motion is not considered). In other words, in reaching the determination whether the plaintiff has established a prima facie case for punitive damages, the Court makes no credibility rulings and does not consider any challenge, by cross-examination or otherwise, to the plaintiff's proof, but the Court must carefully scrutinize the evidence presented by the moving party to make sure that it amounts to a prima facie showing that the substantive requirements for punitive damages have been met. *Ulrich*, 848 F.Supp. at 867.

■■■■ To meet the substantive requirements for punitive damages under Minnesota law, a party must show—by clear and convincing evidence—that the defendant acted with "deliberate disregard for the rights or safety of others." Minn.Stat. § 549.20, subd. 1(a). Consequently, when the Court considers whether a plaintiff has made a prima facie showing that the substantive requirements for punitive damages have been met, it asks whether the plaintiff has made a prima facie showing of clear and convincing evidence that the defendant deliberately disregarded facts

---

**8.** (*See* Doc. No. 194, June 7, 2013 Order at 15; Doc. No. 195, June 14, 2013 letter to Court (stating that LCH has two owners or members, both whom are residents of the State of Texas).)

showing a high probability of injury. *See Berczyk v. Emerson Tool Co.,* 291 F.Supp.2d 1004, 1008–09 (D.Minn.2003) (explaining the inquiry for clear and convincing prima facie evidence that the defendant acted with a deliberate disregard for the rights or safety of others).

As explained above, the Court denies Target's motion to amend to add substantive claims (including the fraud claims) against the paving contractors. Therefore, the only claims remaining against the paving contractor companies are for breach of contract. Because breach-of-contract claims alone are not sufficient to support a claim for punitive damages, Target's motion for leave to amend to seek punitive damages against the paving contractors is denied. *See Minn. Timber Producers Assoc., Inc. v. Am. Mutual Ins. Co. of Boston,* 766 F.2d 1261, 1267 (8th Cir.1985) ("Only in cases in which 'the breach has resulted from an independent or willful tort and the defendant acted with malice' will punitive damages be recoverable in a contract action.") (quoting *Cherne Industrial, Inc. v. Grounds & Associates,* 278 N.W.2d 81, 95 (Minn.1979)).

Target's motion also includes a request for leave to amend to seek punitive damages against the LCH Defendants. The LCH Defendants filed a Notice stating that they would not be opposing Target's motion. (Doc. No. 234.) The Court has carefully scrutinized the evidence presented by Target in connection with its motion for leave to amend to seek punitive damages, and concludes that Target has established a prima facie case for alleging punitive damages against Defendants LCH Pavement Consultants, LLC, Leslie Bailey, Keith Heutzenroeder, and Lois Wade based on its fraud claim alleged in its Second Amended Complaint. Accordingly, Target's motion is granted with respect to Target's request for leave to seek punitive damages against these Defendants.